**AMERICAN BANKERS' INS. CO. v. FLOWERS et al.**

No. 2451.

Court of Civil Appeals of Texas. Beaumont.

Nov. 24, 1933.

Rehearing Denied Nov. 29, 1933.

Adams & McAlister, of Nacogdoches, for plaintiff in error.

Anderson & Lewis, of Center, for defendant in error.

COMBS, Justice.

This appeal is from a judgment of the county court of Shelby county, sustaining a motion to dismiss an application for certiorari to review a judgment of the justice court, precinct No. 1, wherein defendant in error recovered a default judgment against plaintiff in error for $173.18 on an insurance policy.

It appears that the judgment was recovered by defendant in error in the justice court on December 28, 1931. On March 14, 1932, plaintiff in error presented an application to the county judge for a writ of certiorari to review the judgment. The writ was granted and bond filed and approved on the same day. On May 20, 1932, the next term of county court, to which it was returnable, the court sustained defendant in error's motion to dismiss the application for certiorari and ordered writ of procedendum to issue to the justice court. On July 14, 1932, petition for writ of error to this court was filed in the county court, together with writ of error, supersedeas bond, which was approved. Defendant in error was served with citation in error January, 19, 1933, and the record was filed in this court January 31, 1933.

■ Defendant in error has filed motion to dismiss the case on the ground that the record was not filed in this court within six months after judgment in the county court. This motion is overruled. Writ of error bond was filed July 14, 1932, less than two months after the judgment was rendered. Article 2255, R. S. 1925, provides that writ of error may be sued out at any time within six months after final judgment is rendered. A writ of error is "sued out," within the meaning of the statute, when the petition for the writ and the bond, or affidavit in lieu thereof, are filed with the clerk of the court rendering the judgment. 3 Tex. Jur. p. 280; Leavitt v. Brazelton, 28 Tex. Civ. App. 3, 66 S. W. 465; Western Union Tel. Co. v. White (Tex. Civ. App.) 143 S. W. 958.

■ Plaintiff in error contends that the county court erred in dismissing the application for certiorari. We think this assignment must be sustained. The application of plaintiff in error for certiorari alleged the rendition of the judgment against it in justice court on December 28, 1931, and the issuance of execution thereon, and further alleged that no writ or citation of any kind was ever served upon it; that it made no appearance in the suit and did not know of the rendition of the judgment until long after it was rendered; and, further, that it had a meritorious defense to the suit. The application was in proper form and set forth facts which, if true, rendered the judgment of the Justice Court erroneous.

■ On motion to dismiss, the question to be determined is the sufficiency of the application for certiorari. The facts alleged are taken as true with reference to the sufficiency of the grounds for the issuance of the writ. 26 Tex. Jur. p. 906; ·Lanning v. Yarbrough (Tex. Civ. App.) 35 S.W.(2d) 211; Parker Motor Co. v. Hamilton (Tex. Civ. App.) 9 S.W.(2d) 426; O'Brien v. Dunn, 5 Tex. 570. The allegation in the application of · plaintiff in error for the writ of certiorari to the effect that it was never cited and never appeared in the case in the justice court, taken alone, was a showing of sufficient cause for the writ, since no court has jurisdiction to enter judgment against a party not before it. Article 945, R. S. 1925; Parker Motor Co. v. Hamilton, supra.

For the error discussed the case is reversed and remanded for a new trial.