Rita McALISTER, Appellant,

v.

MEDINA ELECTRIC COOPERATIVE, INC. and Larry L. Oefinger, Appellees.

No. 04–91–00027–CV.

Court of Appeals of Texas, San Antonio.

April 15, 1992.

Rehearing Denied May 20, 1992.

John E. Schulman, Law Offices of John E. Schulman, P.C., San Antonio, for appellant.

Christopher Knepp, Grace F. Renbarger, David L. Nelson, and Julia Caruthers Parsley, Hughes & Luce, L.L.P., Austin, for appellees.

Before CHAPA, PEEPLES and GARCIA, JJ.

## ON APPELLEES' MOTION FOR REHEARING

CHAPA, Justice.

The motion for rehearing is granted, the opinion of this court issued September 25, 1991, is withdrawn and the following opinion is substituted therefor.

This is an appeal from special exceptions, and a summary judgment which was entered on October 29, 1990, ordering that the plaintiff, Rita McAlister, take nothing from the defendants, Medina Electric Cooperative, Inc. and Larry L. Oefinger. A brief summary of the facts giving rise to this suit is supportive.

Appellant, Rita McAlister, was employed by Medina Electric Cooperative as the Pearsall's plant clerk from December 26, 1979 until June 30, 1989. In early 1989, Larry Oefinger, the General Manager of the Cooperative, decided to eliminate the plant clerk position for economic reasons. In January of 1989, Oefinger met with McAlister and informed her of his decision. At that time, Oefinger also informed McAlister that the elimination of her position would not be effective until June 30, 1989. Oefinger told McAlister that she would be considered for any job openings with the plant that she was qualified for, however, no such openings allegedly became available and McAlister's position was terminated. Suit was filed on December 7, 1989 against the Medina Electric Cooperative, Inc. and against Oefinger, individually.

The pertinent causes of action alleged were breach of contract, negligent or reckless infliction of emotional distress, and intentional infliction of emotional distress. On October 29, 1990, three orders were entered against appellant by the trial court. At 2:30 p.m., the court entered an order sustaining the defendants' special exceptions, based on the alleged failure to state a cause of action,[1] and struck appellant's negligent or reckless infliction of emotional distress cause of action from her pleadings. At the same time, the court also entered an order sustaining the defendants' objections to McAlister's response to defendants' motion for summary judgment, striking portions of McAlister's summary judgment response affidavits. At 2:35 p.m., the court entered an order granting the defendants' motion for summary judgment. Thus, McAlister's negligent or reckless infliction of emotional distress cause of action was disposed of by the special exception order, while the remaining causes of action were disposed of by the summary judgment.

Appellant raises the following points of error:

1. the trial court erred in granting a special exception striking McAlister's claim of negligent or reckless infliction of emotional distress without allowing appellant leave to amend, based on the failure to state a cause of action; and,

2. the trial court erred in sustaining defendants' partial objection to McAlister's summary judgment affidavit and in granting defendants' summary judgment.

Initially, appellant argues that the trial court erred in granting a special exception striking appellant's claim of negligent or reckless infliction of emotional distress without allowing appellant leave to amend, based upon the failure to state a cause of action.

■ "The trial court is clothed with a large degree of discretion in ruling on special exceptions", and its ruling may be reversed only upon a showing of abuse of discretion. *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 820 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.). If special exceptions are sustained, the party whose pleadings are affected, has "an opportunity to amend as a matter of right" and "only after a party has been given an opportunity to amend after special exceptions have been sustained may the case be dismissed for failure to state a cause of action." *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 9–10 (Tex. 1974); *McCamey v. Kinnear*, 484 S.W.2d 150, 152 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.).

---

1. The appellant was not allowed leave by the court to amend her pleadings, although the defendants' special exceptions motion requested that appellant be allowed leave to amend.

**662**

■ "[T]he trial court may not dismiss a suit until the party has been given an option to amend, *Harold v. Houston Yacht Club,* 380 S.W.2d 184, 186 (Tex.Civ.App.—Houston 1964, no writ), *unless* the trial court can determine that an amendment will not cure the defect." *Geochem Laboratories, Inc. v. Brown & Ruth Laboratories, Inc.,* 689 S.W.2d 288, 290 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (emphasis added), citing *Williams v. Muse,* 369 S.W.2d 467, 470 (Tex.Civ.App.—Eastland 1963, writ ref'd n.r.e.); *see also Alice Roofing & Sheet Metal Works, Inc. v. Halleman,* 775 S.W.2d 869, 871 (Tex. App.—San Antonio 1989, no writ).

Thus, in the present case, the trial court erred in sustaining appellees' special exception without allowing appellant leave to amend, based upon a failure to state a cause of action, only if the defect in appellant's pleadings was curable.

Defendants' First Amended Answer specially excepted to McAlister's claim for negligent or reckless infliction of emotional distress[2] "on the ground that no such cause of action exists under Texas law in the context of the employer/employee relationship" or "[i]n the alternative, if such a cause of action exists, McAlister's exclusive remedy therefore would be under the Texas workers' compensation laws." The court sustained the special exceptions, but did not specify on what grounds.

■ In passing the Texas Workers' Compensation Act, the legislature provided a statutory alternative to common law damages claims and defenses arising from personal injuries in employer/employee relationships. *Reed Tool Co. v. Copelin,* 610 S.W.2d 736, 739 (Tex.1980). Article 8306, § 3 of this Act specifically states that:

> The employees of a subscriber and the parents of minor employees shall have no right of action against their employer or against any agent, servant or employee of said employer for damages for personal injuries, and the representatives and beneficiaries of deceased employees shall have no right of action against such sub-

scribing employer or his agent, servant or employee for damages for injuries resulting in death, but such employees and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for.

Act of June 10, 1963, 58th Leg., ch. 437, § 1, 1963 Tex.Gen.Laws 1132, 1132, *repealed by* Act of 1989, 71st Leg., 2d C.S., ch. 1, § 16.01(7)—(9), 1989 Tex.Gen.Laws 1, 114 (former statute found at TEX.REV. CIV.STAT.ANN. art. 8306, § 3 (Vernon 1967). In exchange for "providing the worker a form of prompt remuneration for loss of earning capacity," the common law claims and defenses which either party could assert against the other were legislatively abrogated and replaced by a statutory compensation scheme. *Paradissis v. Royal Indem. Co.,* 507 S.W.2d 526, 529 (Tex.1974). As a result, the Workers' Compensation Act exempts employers from all common law liability based on gross negligence and negligence, except in death cases for exemplary damages provided for in the Act. *Reed Tool Co.,* 610 S.W.2d at 739 (court found that the negligent impairment of consortium action of the employee's wife was excluded, but allowed the cause of action for intentional impairment of consortium); *see also Paradissis,* 507 S.W.2d at 528 (negligence of the carrier in failing to provide medical services is covered by and compensable exclusively under the workers' compensation laws).

We note that the supreme court has, on several occasions, considered the issue of whether damage or harm caused by a repetitious mental traumatic activity, as distinguished from a physical activity, is *compensable under the Workers' Compensation Act. Transportation Ins. Co. v. Maksyn,* 580 S.W.2d 334, 335 (Tex.1979) (emphasis added); *see also Olson v. Hartford Accident & Indem. Co.,* 477 S.W.2d 859 (Tex.1972) and *Bailey v. American Gen. Ins. Co.,* 154 Tex. 430, 279 S.W.2d 315 (1955). In each of these cases, the supreme court limited its discussion to wheth-

---

**2.** The allegation stricken was "[a]lternatively Defendants negligently or recklessly allowed Plaintiff to be subjected to severe emotional distress."

er such harm was compensable under the Workers' Compensation Act, without directly addressing the issue of whether the act's exclusive remedy provision shielded subscribers from common law tort actions based on the employer/employee relationship. Nevertheless, the supreme court has repeatedly emphasized that "[t]he Texas Workers' Compensation Act was enacted in an effort to provide an alternative (in lieu of common law) and *exclusive method for compensating employees for injuries sustained in the course of their employment.*" *Reed Tool Co.*, 736 S.W.2d at 739 (emphasis added); *Paradissis*, 507 S.W.2d at 529, citing *Lotspeich v. Chance Vought Aircraft*, 369 S.W.2d 705 (Tex.Civ.App.— Dallas 1963, writ ref'd n.r.e.).

■ Further, in *Lotspeich*, the Dallas Court of Appeals announced the following:

Our Courts are fairly uniform in holding that in view of this provision [Sec. 3 of Art. 8306], the remedy given by the Workmen's Compensation Law is exclusive and that the employee has no right of action against his employer on account of bodily injuries sustained in the course or scope of the employment (except for injuries resulting from an intentional or willful act of the employer), *even though the injury complained of may not be compensable* under the Workmen's Compensation Law.

*Id.* at 708 (citations omitted; emphasis in original). Consequently, we find that the exclusive remedy provision contained in the Workers' Compensation Act precludes an employee from maintaining a negligence cause of action against the employer, even if the action complained of is not compensable.

■ Accordingly, we find that because appellant's exclusive remedy under the circumstances would be under the Workers' Compensation Act, her pleading was not curable; therefore, the trial court did not err in sustaining appellees' special exception without allowing appellant leave to amend.

Appellant's point is refused.

Appellant next complains that the court erred in sustaining defendants' partial objection to McAlister's summary judgment affidavits and, in granting the summary judgment.

The dispositive issue in a summary judgment appeal is whether the movants have met their burden for summary judgment by establishing that there exists no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R.CIV.P. 166a(c). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant. *Nixon*, 690 S.W.2d at 549. Every reasonable inference from the evidence will be indulged in favor of the nonmovant, and any doubts will be resolved in the nonmovant's favor. *Id.*

Since the previous special exception order disposed of the negligent infliction of emotional distress cause of action, the remaining pertinent causes of action disposed of in the summary judgment were the allegations of breach of contract and intentional infliction of emotional distress. We will next address the propriety of the causes of action disposed of by the summary judgment.

■ With respect to the breach of contract cause of action, appellant argues that the following statement was erroneously deleted from her affidavit based upon the defendants' hearsay objection: "I was told the employee manual contained statements of the Cooperative's obligation to me and my employment obligations to them." Thereafter, appellant's breach of contract cause of action was disposed of by way of summary judgment.

TEX.R.CIV.EVID. 801(e)(2) specifically characterizes statements made by an agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship, as nonhearsay. Further, McAlister's affidavit, containing the aforementioned statement and naming a Mr. W.L. Spykes as her

supervisor at the time she was hired, complies sufficiently to fall within the admission by a party-opponent exception to the hearsay rule; thus, the objected to statement conforms with TEX.R.CIV.P. 166a(f), which requires that "[s]upporting and opposing affidavits shall be made on personal knowledge [and] shall set forth such facts as would be *admissible in evidence.*" (Emphasis added.) Therefore, we find that the court erred in sustaining the defendants' hearsay objection to McAliste *c*'s summary judgment affidavit.

Nevertheless, appellees argue that even if the order sustaining appellees' objection to McAlister's affidavit is set aside, the summary judgment evidence conclusively establishes that the employee handbook is not a contract; therefore, summary judgment on McAlister's breach of contract claim was proper.

■ McAlister pleaded that the employer breached its promise to honor seniority when it laid off employees; she did not allege that the handbook gave her a general right to employment unless there was good cause to fire her. McAlister's assertion of seniority rights rests on this statement in the handbook: "Reduction of work force is a Management prerogative—Employee qualifications being equal, seniority shall apply." Appellees respond that McAlister was an at-will employee. In Texas either party may terminate the employment relationship at will unless the employer, acting through an agent authorized to bind it, expressly agreed that the handbook modifies the at-will employment relationship. *See Hicks v. Baylor Univ. Med. Center,* 789 S.W.2d 299, 302 (Tex.App.—Dallas 1990, writ denied); *Salazar v. Amigos Del Valle, Inc.,* 754 S.W.2d 410, 413 (Tex. App.—Corpus Christi 1988, no writ); *United Transp. Union v. Brown,* 694 S.W.2d 630, 632–33 & n. 1 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.); *Reynolds Mfg. Co. v. Mendoza,* 644 S.W.2d 536, 538–39 (Tex. App.—Corpus Christi 1982, no writ).

■ The record shows as a matter of law that the at-will relationship was not contractually modified. A handbook or manual does not affect the at-will relationship unless it *specifically and expressly* limits the relationship and curtails the employer's right to terminate the employee. *See, e.g., Benoit v. Polysar Gulf Coast, Inc.,* 728 S.W.2d 403, 406 (Tex.App.—Beaumont 1987, writ ref'd n.r.e.) (emphasis added) (employee must prove that he and the employer "had a contract that *specifically provided and directly limited* the employer's right to terminate the employment contract at will"). The manual must modify the at-will relationship and limit the employer's termination rights "in a meaningful and special way." *Stiver v. Texas Instruments, Inc.,* 750 S.W.2d 843, 846 (Tex. App.—Houston [14th Dist.] 1988, no writ); *Benoit,* 728 S.W.2d at 406. "Employee handbooks, unaccompanied by an express agreement dealing with procedures for discharge of employees, do not create contractual rights regarding those procedures." *Vallone v. AGIP Petrol. Co.,* 705 S.W.2d 757, 758 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). The at-will doctrine applies unless there is "a specific contract term to the contrary." *Johnson v. Ford Motor Co.,* 690 S.W.2d 90, 93 (Tex.App.—Eastland 1985, writ ref'd n.r.e.), quoting *Maus v. National Living Centers, Inc.,* 633 S.W.2d 674, 675 (Tex.App.—Austin 1982, writ ref'd n.r.e.).

■ Here the terms of the handbook do not expressly limit the at-will doctrine. On the contrary, the handbook states several reasons for dismissal, but it does not say these are the exclusive reasons or qualify the employer's common-law right to terminate an employee at will. A fair reading of the handbook is that it highlights for the employee certain forbidden conduct (theft, disregard of safety rules, incompetence).

Accordingly, although the trial court's action in striking the statement in the affidavit constituted error, the error was not reversible since the summary judgment was proper as to the breach of contract cause of action because the record shows as a matter of law that the at-will relationship was not contractually modified. TEX. R.APP.P. 81(b)(1).

Finally, we must determine whether the trial court erred in granting the defendants' summary judgment with regard to McAlister's claim of intentional infliction of emotional distress. The elements required to prove the tort of intentional infliction of emotional distress are: that the defendant acted intentionally; that his conduct was extreme and outrageous; that the actions of the defendant caused the plaintiff emotional distress; and, that the emotional distress suffered by the plaintiff was severe. *Havens v. Tomball Community Hosp.*, 793 S.W.2d 690, 692 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

Upon reviewing the record in the light most favorable to the nonmovant, we find that the appellees complied with their burden of establishing, as a matter of law, that they were entitled to summary judgment on this issue. Clearly, the appellees established that their conduct was not extreme or outrageous and that the emotional distress suffered by appellant was not severe. *See K.B. v. N.B.*, 811 S.W.2d 634, 640 (Tex.App.—San Antonio 1991, writ denied). The point is rejected.

Accordingly, the trial court's order sustaining appellees' special exception is affirmed. The summary judgment is affirmed.