cv4-773.dd.dahlberg 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00773-CV







Jan Dahlberg, Appellant



v.



Ballinger Memorial Hospital District, Ruby Nell Rougas, 


and Pat Watkins, Appellees







FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT


NO. 11,986, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING







PER CURIAM


 Jan Dahlberg appeals from a take-nothing summary judgment granted against her
on defamation and wrongful discharge claims. She sued her former employer, Ballinger
Memorial Hospital District; the hospital's administrator, Ruby Nell Rougas; and the hospital's
director of nurses, Pat Watkins. The defendants claimed immunity from the defamation claim and
asserted that Dahlberg was an at-will employee not entitled to a wrongful discharge claim. We
will reverse the judgment and remand the cause as to the defamation claim against Rougas and
Watkins. We will affirm the judgment in all other respects.



BACKGROUND


 Dahlberg's petition and affidavit in response to defendants' motion for summary
judgment reflect her view that she was fired and defamed because she planned to report
irregularities at the hospital. She began working at the hospital on April 15, 1992 as the
respiratory care department manager and the pharmacy technician. Part of her duties included
filing quality assurance reports. She was fired a day after threatening to file reports reflecting
recurring problems with missing drugs.

 In her affidavit, Dahlberg said that Watkins told her to take various drugs home
so that they would not be in the hospital when a Medicare inspection occurred. Dahlberg
determined that possession of these drugs outside the hospital could be considered a felony. She
also noted that narcotics were missing from the pharmacy. She requested a January 19 meeting
with Watkins, Rougas, and Shirley Meade, the personnel administrator. When she announced her
intention to report the missing drugs, Watkins and Rougas were upset. Rougas, through Meade,
asked her to exclude that information from the report; she declined. Dahlberg told Rougas that
the reports would be ready the next day. On January 20, 1993, Rougas fired her and rejected the
reports. Dahlberg nevertheless reported the missing drugs to a state agency and took the drugs
in her possession to the San Angelo Police Department. 

 Dahlberg alleged in her petition that Rougas and Watkins defamed her to various
individuals. She alleged that Rougas told several hospital board members that Dahlberg stole
drugs from the hospital, and that Watkins reported the same to the Texas Licensed Vocational
Nursing Board. Dahlberg alleged that both Rougas and Watkins told people in and outside of
Runnels County that Dahlberg stole drugs from the hospital, had a bad drug problem, kept drugs
at her house, had a nervous breakdown at her last job, and had been fired from her previous job
because of a nervous breakdown. 

 Dahlberg sued, alleging damages from defamation as well as a due process
violation in her wrongful termination by Rougas and the hospital. The appellees filed a joint
motion for summary judgment. They alleged multiple bases for the motion. Attached were
affidavits from Watkins and Rougas in which they both swore that Dahlberg was fired for
insubordination, failure to complete inservices, and failure to file quality assurance reports. The
court granted the motion without specifying on which grounds.



DISCUSSION


 We review the record, taking all evidence favorable to the nonmovant as true and
construing every inference and doubt in her favor, to see if any genuine issue of material fact
exists or whether the movant is entitled to summary judgment as a matter of law. Tex. R. Civ.
P. 166a(c); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). To
prevail, a defendant must negate, as a matter of law, at least one element of each cause of action. 
Rosas v. Buddies Food Store, 518 S.W.2d 534, 537 (Tex. 1975). Because the judgment does not
state its basis, we must affirm if any of the bases of the motion support the judgment. Rogers v.
Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989).

 By point of error one, Dahlberg contends that the summary judgment was
erroneous because she was not an at-will employee and whether her termination complied with
hospital employment policies was a fact issue. Dahlberg contends that the employee manual
altered her at-will status and gave her a property interest in continued employment. The
appellees, in their motion for summary judgment, urged the converse.

 People employed in Texas for an unspecified term serve at will (theirs and their
employers') unless otherwise specified by statute, public policy, contract, or express agreement. 
Sabine Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733, 734 (Tex. 1985); Hicks v. Baylor Univ.
Medical Ctr., 789 S.W.2d 299, 301 (Tex. App.--Dallas 1990, writ denied). General company
manuals or handbooks, unless accompanied by an express agreement or written representation
regarding procedures for employee discharge, do not constitute written employment agreements
that alter at-will status. McAlister v. Medina Elec. Coop., Inc., 830 S.W.2d 659, 664 (Tex.
App.--San Antonio 1992, writ denied) (manual must specifically and expressly limit the
relationship and curtail the employer's right to fire the employee to alter the at-will relationship);
Hicks, 789 S.W.2d at 302; Totman v. Control Data Corp., 707 S.W.2d 739, 744 (Tex. App.--Fort
Worth 1986, no writ).

 Dahlberg contends that the hospital personnel policy manual altered her at-will
status. She argues for no other exception from the at-will employment rule. She contends that
the following excerpts from the policy manual constitute a written representation of her rights:



G. Termination of Employment . . .


 2. Dismissals


 If an employee is to be discharged, normally 10 working days notice
will be given unless the case necessitates otherwise. If an employee
is discharged for cause, the pay computed through the last work day
will be given at the next regular pay period. Termination and
discharge slips, with reasons for such action, will be prepared by the
department head and sent at once to the business office.


. . .



H. Reemployment


 Former employees who resigned in good standing may be considered
for reemployment. Former employees who were discharged for
cause or who left without adequate notice will have their work history
evaluated by the appropriate department head and administration. 
Referral will be made upon the recommendation of the appropriate
department head and approval by the administration.



Dahlberg contends that paragraphs G2 and H indicate only three ways to be adequately
terminated: discharge for cause, resignation in good standing, departure without adequate notice.

 The quoted wording defeats her contention. The first two sentences of paragraph
G2 differ in that the second specifies "discharged for cause"; while this distinction shows a special
condition for employees discharged for cause, it in no way restricts the hospital's freedom to
discharge employees without cause. Paragraph H is similarly unhelpful to Dahlberg. Its failure
to discuss employees discharged without cause does not support the conclusion that such may not
exist. We hold that the summary judgment evidence shows that the personnel manual did not alter
Dahlberg's at-will status. A contrary inference is not reasonable. The defendants did not violate
the cited employment policies when dismissing her. We overrule point one.

 This holding requires us to overrule point three, by which she argues that she was
deprived of due process in her termination. Her point depends on the possibility that she was not
an at-will employee. Our conclusion that she was an at-will employee forecloses point three.

 By point of error two, Dahlberg contends that the court erred in granting the
motion as to her defamation claims against Rougas and Watkins. (1) The sole basis of the motion
on this issue was governmental immunity. Rougas and Watkins maintain that they are protected
by absolute immunity because Dahlberg sued them only in their official capacity. Dahlberg
argued below and argues here that Rougas and Watkins were not entitled to the protection of
governmental immunity in a defamation action.

 Our analysis turns on the capacity in which Dahlberg sued Rougas and Watkins. 
A party seeking to hold an individual liable in a capacity other than as an individual should specify
the special capacity. See Texaco, Inc. v. Wolfe, 601 S.W.2d 737, 740 (Tex. Civ. App.--Houston
[1st Dist.] 1980, writ ref'd n.r.e.) (suit seeking to hold individual liable as a partner should allege
and prove existence of partnership); see also 2 Texas Civil Practice § 8:12, at 194 (Diane M.
Allen, et al., eds., 1992 ed.). Dahlberg's petition does not state that she sued Watkins and
Rougas in their official capacities; she wrote no special designation for them in the style and
described them each as an "individual" in the description of the parties. Without a statement in
the petition that she sued them in their official capacities, we presume (at least at the summary
judgment stage) that she intended to pursue individual liability against them. 

 Dahlberg's factual allegations against Watkins and Rougas support this
interpretation. She alleged in her petition that, besides making statements to the hospital's board
of directors and a state board, Rougas and Watkins alleged criminal activity by her to "other
individuals in the community as well as outside Runnels County" such as that plaintiff stole drugs
from the hospital, kept drugs at her house, and had a bad drug problem. Dahlberg did not support
the breadth of these allegations in her affidavit, swearing only that fellow employees told her they
had heard she was fired for stealing drugs and having a drug problem; Dahlberg denied in her
affidavit stealing drugs or having a drug problem. More important, however, Rougas and
Watkins produced no evidence that they had not made the defamatory statements to hospital
employees or anyone else in the community; their affidavits do not address the merits of the
defamation action at all. Since they had the burden of proof on summary judgment, their failure
to contradict the allegations is critical.

 Watkins and Rougas rely on later allegations in Dahlberg's petition to support their
contention that she sued them only in her official capacity. Dahlberg alleged that Rougas and
Watkins made the defamatory statements



while in the employment of BALLINGER MEMORIAL HOSPITAL DISTRICT,
INC. and in their capacity as supervisors and administrators and in the course and
scope of their employment.


. . .



[and] that because Defendants WATKINS and ROUGAS made these statements in
the course and as part of their employment under their duties as the Administrator
and Director of Nurses that BALLINGER MEMORIAL HOSPITAL DISTRICT,
INC. should also be held liable for the damages suffered by the Plaintiff.



(Emphasis added.) Though this language indicates that Dahlberg wanted to impute liability to the
hospital, it does not alter the fact that Dahlberg nowhere specified that she sought to hold Watkins
and Rougas liable only in their official capacities, which would be tantamount to a suit against the
hospital. The italicized "also" strongly indicates that she sought damages from defendants other
than the hospital for the defamation. The quoted language does not negate entirely the possibility
of seeking individual liability. In light of the factual allegations, we hold that the petition as a
whole can be construed to state a defamation claim against Watkins and Rougas individually.

 Because the summary judgment motion against the defamation claim depended
wholly on characterizing the suit as one against Watkins and Rougas solely in their official
capacities, our rejection of that contention makes the judgment erroneous as to the defamation
claim. We sustain point of error two.



CONCLUSION


 We reverse the judgment of the trial court as to individual liability of Rougas and
Watkins on the defamation claim, and remand this claim to the trial court. We affirm the
judgment in all other respects.


Before Chief Justice Carroll, Justices Aboussie and Jones

Reversed and Remanded in Part; Affirmed in Part

Filed: November 15, 1995

Do Not Publish

1.   Dahlberg's point of error attacks the judgment only as to Watkins and Rougas. 
Dahlberg conceded in her response to the motion for summary judgment the futility of a
defamation claim against the hospital on these facts.


/EM> 2 Texas Civil Practice § 8:12, at 194 (Diane M.
Allen, et al., eds., 1992 ed.). Dahlberg's petition does not state that she sued Watkins and
Rougas in their official capacities; she wrote no special designation for them in the style and
described them each as an "individual" in the description of the parties. Without a statement in
the petition that she sued them in their official capacities, we presume (at least at the summary
judgment stage) that she intended to pursue individual liability against them. 

 Dahlberg's factual allegations against Watkins and Rougas support this
interpretation. She alleged in her petition that, besides making statements to the hospital's board
of directors and a state board, Rougas and Watkins alleged criminal activity by her to "other
individuals in the community as well as outside Runnels County" such as that plaintiff stole drugs
from the hospital, kept drugs at her house, and had a bad drug problem. Dahlberg did not support
the breadth of these allegations in her affidavit, swearing only that fellow employees told her they
had heard she was fired for stealing drugs and having a drug problem; Dahlberg denied in her
affidavit stealing drugs or having a drug problem. More important, however, Rougas and
Watkins produced no evidence that they had not made the defamatory statements to hospital
employees or anyone else in the community; their affidavits do not address the merits of the
defamation action at all. Since they had the burden of proof on summary judgment, their failure
to contradict the allegations is critical.

 Watkins and Rougas rely on later allegations in Dahlberg's petition to support their
contention that she sued them only in her official capacity. Dahlberg alleged that Rougas and
Watkins made the defamatory statements



while in the employment of BALLINGER MEMORIAL HOSPITAL DISTRICT,
INC. and in their capacity as supervisors and administrators and in the course and
scope of their employment.


. . .



[and] that because Defendants WATKINS and ROUGAS made these statements in
the course and as part of their employment under their duties as the Administrator
and Director of Nurses that BALLINGER MEMORIAL HOSPITAL DISTRICT,
INC. should also be held liable for the damages suffered by the Plaintiff.



(Emphasis added.) Though this language indicates that Dahlberg wanted to impute liability to the
hosp