**CENTRO JURICI DE INSTITUTO TECNOLOGICO Y ESTUDIOS SUPERIORES DE MONTERREY, Appellant,**

v.

**INTERTRAVEL, INC., Appellee.**

No. 04–98–00397–CV.

Court of Appeals of Texas, San Antonio.

July 14, 1999.

Daniel W. Lanfear, The Kleberg Law Firm, P.C., San Antonio, for appellant.

Glenn J. Deadman, Glenn J, Deadman, P.C., S. Mark Murray, Murray & Curl, Inc., San Antonio, for appellee.

Sitting: TOM RICKHOFF, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: SARAH B. DUNCAN, Justice.

Centro Jurici de Instituto Tecnologico y Estudios Superiores de Monterrey ("the Institute") appeals the trial court's judgment dismissing its petition for a writ of

certiorari from a judgment against it in Intertravel Inc.'s suit in justice court. We hold the Institute's petition, although arguably defective, constituted a bona fide attempt to invoke the county court at law's appellate jurisdiction and alleged "sufficient cause" to issue a writ of certiorari. We therefore reverse the judgment and remand the cause to the county court at law for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

Intertravel filed a petition in the Justice Court, Precinct 3, of Bexar County against "Centro Jurici," alleging it was "a Mexican corporation located at E. Garza, Sada 2501 Sur–Monterrey, Nueva Leon, 64849, Mexico" and "represented by Mr. Craig R. Giesze, Esq." Intertravel's petition further alleged "Centro Jurici" could "be served by serving its officer or director" at the stated address," but it did not state Giesze was an officer or director of "Centro Jurici." Nonetheless, at Intertravel's attorney's request, the justice court named Giesze as the person to be served in a citation directed to "Centro Jurici."

Approximately one week after the citation issued, a return was filed. This return states a copy of the citation was delivered to "Centro Jurici Craig R. Griesze, Esq. E. Garza Sada 2501, Mex. in person." Two months later, Intertravel obtained a default judgment that stated "citation was served according to the law and returned to the court," and "Centro Jurici of Instituto Technologico Y De Estudios Superiores De Monterrey also known as ITESM was duly served and is the Defendant herein."

On the ninetieth day after the default judgment was rendered, the Institute filed a petition for a writ of certiorari alleging "the Justice Court, sitting as a court of small claims, had *no jurisdiction over the person* of defendant sufficient to warrant the entry of the ... default judgment due to insufficiencies in the service of process directed at a foreign 'corporation.'" Spe-

cifically, the Institute alleged "Centro Jurici" is not a legal entity but is the Department of Judicial Studies at the Instituto Tecnologico y de Estudios Superiores de Monterrey, and Giesze or Griesze was not authorized to receive service on behalf of the Institute or Centro Jurici. The Institute's petition was supported by the Declaration of Michael W. Bitter, an instructor of law at the Centro Jurici. According to this declaration, Giesze had been employed by Centro Jurici as an instructor of law but was not so employed at the time of the alleged service; indeed, at that time, Giesze had been living in Chile for over a year. Bitter's declaration was made "under penalty of perjury pursuant to 28 U.S.C. § 1746."

On the same day the petition was filed, the Honorable Paul Canales, Judge Presiding in the County Court at Law No. 2, signed on order "find[ing] and conclud[ing] ... that personal jurisdiction did not obtain in the court below due to the absence of valid service of process." The next day, the clerk approved the Institute's bond and issued a writ of certiorari directed to the judge of the Precinct 3 Justice Court.

Intertravel filed a motion to dismiss, contending the Institute was required, and had failed, to contest jurisdiction in a special appearance; the Institute's petition was fatally defective because Bitter's Declaration was not an affidavit; and the Institute failed to serve Intertravel. Shortly thereafter, the Institute filed the Affidavit of Michael Bitter "to substitute for the 'Declaration of Michael Bitter,'" noting the affidavit was "in all material respects identical to the referenced declaration," and obtained service on Intertravel's president and registered agent. However, the county court at law dismissed the certiorari proceeding, expressly concluding: (1) the Institute's petition failed to show sufficient cause; (2) the Institute's petition was fatally defective because it was not accompanied by an affidavit; (3) the Institute failed to serve Intertravel as required by Rule 584; and (4) the Institute waived its

right to contest jurisdiction by failing to file a special appearance.

## GENERAL REQUIREMENTS FOR
## A WRIT OF CERTIORARI

█ To perfect an appeal from a judgment rendered by a justice court, the appealing party must file an appeal bond within ten days after the date the judgment or an order denying a motion for a new trial is signed. TEX.R. CIV. P. 571, 573. If an ordinary appeal is not timely perfected, the dissatisfied party may proceed by writ of certiorari. *See Galil Moving & Storage, Inc. v. McGregor,* 928 S.W.2d 172 (Tex.App.—San Antonio 1996, no writ).

Writs of certiorari are governed by Rules 575–91 of the Texas Rules of Civil Procedure. *See* TEX.R. CIV. P. 575–91. Under these rules, the writ is to be granted if "the applicant or some person for him having knowledge of the facts" makes an "affidavit setting forth sufficient cause" to justify issuance of the writ. TEX.R. CIV. P. 577. "Sufficient cause" includes a lack of jurisdiction. TEX.R. CIV. P. 578. After a writ is granted, the clerk must (1) issue the writ and cause it to be served on the justice of the peace to whom it is directed, TEX.R. CIV. P. 582–583, and (2) "forthwith issue a citation for the party adversely interested." TEX.R. CIV. P. 584. Within thirty days after service of citation, "the adverse party may move to dismiss the certiorari for want of sufficient cause appearing in the affidavit, or for want of sufficient bond." TEX.R. CIV. P. 586. However, "[t]he affidavit or bond may be amended in the discretion of the court in which it is filed." TEX.R. CIV. P. 587.

## THE REQUIREMENT OF AN AFFIDAVIT

█ The Institute argues the trial court erred in dismissing the certiorari proceeding because it failed to file an "affidavit." We agree.

█ Rule 577 requires a party seeking a writ of certiorari to file an "affidavit" stating "sufficient cause" for issuance of the writ. TEX.R. CIV. P. 577. An affidavit is "a statement in writing of a fact or facts signed by the party making it, sworn before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX. GOV'T CODE ANN. § 312.011(1) (Vernon 1998). However, an "oath" includes an "affirmation," *id.* § 312.011(8), and "sworn" includes "affirmed." *Id.* § 312.011(16). An "affirmation" is "a solemn declaration made under the penalties of perjury by a person who conscientiously declines taking an oath." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 61 (1988). Thus, "[i]t is the substance and not the form of an affidavit that is important." *Norcross v. Conoco, Inc.,* 720 S.W.2d 627, 630 (Tex.App.—San Antonio 1986, no writ); *see also Ford Motor Co. v. Leggat,* 904 S.W.2d 643, 645–46 (Tex.1995) (holding that a statement containing an acknowledgment, rather than a jurat, was sufficient to constitute an affidavit because the maker swore to facts within his personal knowledge before an authorized officer); *Taylor v. Fred Clark Felt Co.,* 567 S.W.2d 863, 867 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.) (same). Federal law also does not require an oath; rather, it permits a person to meet the requirement of an affidavit with an unsworn statement made "under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." *See* 28 U.S.C. § 1746 (1994); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 132.001–.002 (Vernon 1997) (inmate may substitute written statement made under penalties of perjury for affidavit).

In support of its petition for a writ of certiorari, the Institute filed a written declaration by Michael Bitter. This declaration stated under penalty of perjury that the recited facts were true and correct. The declaration thus constitutes an affirmation and, we believe, the functional equivalent of an affidavit under Texas law. *See* TEX. GOV'T CODE ANN. §§ 312.011(1), 312.011(8), 312.011(16); *cf., e.g., Gallagher v. Fire Ins. Exch.,* 950 S.W.2d 370, 371

(Tex.1997) (court of appeals' decisions should "'turn on substance rather than procedural technicality'" (quoting *Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 121 (Tex.1991) (per curiam))). We therefore hold the Institute's petition, accompanied by Bitter's declaration, was sufficient to constitute a "'bona fide attempt to invoke [the county court's] appellate court jurisdiction.'" *Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex.1989) (quoting *United Ass'n of Journeymen & Apprentices v. Borden*, 160 Tex. 203, 328 S.W.2d 739, 741 (1959)). The county court at law therefore was not authorized to dismiss the Institute's appeal because it failed to file an "affidavit."

### THE REQUIREMENT OF SUFFICIENT CAUSE

■ The Institute next contends the trial court erred in dismissing its appeal by writ of certiorari because it did not allege "sufficient cause." We agree.

### *Standard of Review*

■ When reviewing the dismissal of an application for a writ of certiorari, we take the facts alleged in the application as true and, on this basis, make a de novo determination of the adequacy of the stated grounds. *See American Bankers' Ins. Co. v. Flowers*, 64 S.W.2d 806, 807 (Tex.Civ. App.—Beaumont 1933, no writ).

### *Discussion*

■ Because "no court has jurisdiction to enter judgment against a party not before it," "sufficient cause" for the issuance of a writ of certiorari includes the justice court's lack of in personam jurisdiction over the defendant. *Id.; see* TEX.R. CIV. P. 578. Accordingly, in light of the standard of review, an application alleging improper service states sufficient cause for issuance of the writ. *Flowers*, 64 S.W.2d at 807; *see also Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994) (per curiam) ("For well over a century, [the supreme] court has required that strict compliance with the rules for service of

citation affirmatively appear on the record in order for a default judgment to withstand direct attack."); *id.* ("There are no presumptions in favor of valid issuance, service, and return of citation in the face of a writ of error attack on a default judgment.").

The Institute's petition for a writ of certiorari alleges the attempted service on it was deficient in several respects and thus sets forth "sufficient cause." *Flowers*, 64 S.W.2d at 807. The county court at law was therefore not authorized to dismiss the proceeding on this ground.

### REQUIREMENT OF A SPECIAL APPEARANCE

■ The Institute next contends the court erred in dismissing this proceeding because it failed to file a special appearance. We agree. A party must file a special appearance to challenge an assertion of jurisdiction to which it is not amenable. *E.g., Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 201 (Tex.1985). A special appearance is not authorized or required to challenge service of process. *Id.* at 203. Accordingly, the court erred in dismissing the Institute's certiorari appeal because it failed to file a special appearance.

### THE REQUIREMENT OF SERVICE OF CITATION

■ Finally, the Institute contends the county court at law erred in dismissing its appeal because it failed to serve Intertravel as required by Rule 584. We agree. The record establishes the Institute requested the issuance and service of a citation in its petition and, before the dismissal order was signed, the citation was issued and served on Intertravel's president and registered agent. No prejudice is shown. The delay in obtaining service thus does not justify the dismissal of the proceeding.

### CONCLUSION

None of the stated grounds support the county court at law's dismissal of the Insti-

tute's certiorari appeal. We therefore reverse its judgment and remand the cause to that court for further proceedings consistent with this opinion.