Joe GUINN, Appellant,

v.

BOSQUE COUNTY, Texas, Appellee.

No. 10–99–256–CV.

Court of Appeals of Texas, Waco.

Aug. 22, 2001.

Rehearing Overruled Nov. 9, 2001.

---

Timothy S. Corwin, Corwin & Corwin, L.L.P., Waco, for appellant.

John L. Ross, Thompson, Coe, Cousins & Irons, L.L.P., Dallas, for appellee.

Before Chief Justice DAVIS, Justices VANCE and GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

Joe Guinn filed a wrongful termination suit against Bosque County alleging breach of employment contract and violation of his right to due course of law under the Texas Constitution. The court granted the County's summary judgment motion premised primarily on the grounds that Guinn was an at-will employee and the County has sovereign immunity from his lawsuit. Guinn claims in four issues that the court erred in granting the County's motion because: (1) the County failed to present any competent summary judgment evidence; (2) the County's personnel policies alter the traditional at-will employment relationship to the degree that they constitute an employment contract; (3) sovereign immunity does not bar his suit against the County; and (4) his termination was done in violation of his right to due course of law.

## BACKGROUND

Guinn began his employment with Bosque County in January 1991. He worked for the Precinct Four road-and-bridge crew. In April 1996, the Commissioners Court adopted the Bosque County Personnel Policy Manual (the "Manual"). The Manual contains the following provisions pertinent to this appeal.

The introduction to the Manual provides in part:

These personnel policies for Bosque County have been developed to provide a better understanding of the relationship between the County and the citizens who serve the County as employees. This is done by:

a. Defining the rights and privileges enjoyed by County employees.

b. Stating the rules and regulations that apply to County employees.

c. Outlining the expectations the County has of its employees.

d. Providing a system of fair and consistent treatment for all employees; and

e. Providing information and systems to increase the efficiency of the personnel management program of the County.

. . . .

From time to time, it may be necessary to make changes in these policies as a result of changes in the County of its programs. When this occurs, all County employees shall be notified of the changes and the date the changes are to be effective.

The purpose of these policies is to serve the needs of both the employees and the County to the mutual benefit of both. Any employee who has a question concerning any of Bosque County's personnel policies is encouraged to discuss it with his or her supervisor.

The Manual classifies county employees as full-time, part-time, regular, and temporary. Regarding contractual employment, the Manual provides, "No employee shall have an employment contract for a specific or indefinite period of time unless the contract is approved in writing by the Commissioners' Court."

The Manual provides for termination of county employment by resignation, retirement, "no fault," dismissal, disability, reduction in force (layoff), or death. The Manual requires an employee who resigns to provide ten days' written notice to his supervisor in order to be considered to have resigned "in good stead." Concerning termination by dismissal, the Manual provides:

7. A dismissal shall be involuntary separation from employment which does not fall into one of the other categories of separation.

8. A supervisor may dismiss an employee at any time for just cause.

The citizens in Precinct Four elected a new Commissioner in November 1998. The new Commissioner terminated Guinn's employment in January 1999 without specifying the grounds for termination.

Guinn presented his wrongful termination claim to the Commissioners Court. After the Commissioners Court rejected his claim, he filed suit. The County moved for summary judgment on Guinn's contractual claim on the grounds that: (1) the claim is barred by sovereign immunity; (2) Guinn was an at-will employee; and (3) "the election of a new County Commissioner—with the legal authority to appoint his own staff—constituted 'just cause' for termination of [Guinn's] employment." The County moved for summary judgment on Guinn's constitutional claim on the grounds that: (1) the claim is barred by sovereign immunity; (2) no private cause of action exists for violation·of the Texas Constitution; and (3) as an at-will employee, Guinn had no constitutionally-protected property interest in continued employment.

In support of this motion, the County tendered a "Declaration" signed by the newly-elected Commissioner of Precinct Four "under penalty of perjury" in accordance with title 28, section 1746 of the United States Code.[1] *See* 28 U.S.C.A. § 1746 (West 1994).[2] Guinn objected to this document on the basis that it does not constitute an "affidavit" as contemplated by Rule of Civil Procedure 166a(f). *See* TEX.R. CIV. P. 166a(f).

In Guinn's summary judgment response, he contended with respect to his contract claim that: (1) the Manual altered the traditional at-will employment status such that he was a contractual employee; (2) because of this contractual relationship, the County waived its sovereign immunity;

---

1. The Commissioner attached six exhibits to his "Declaration": (1) classified advertisements for positions with the Precinct Four road-and-bridge crew and other county positions; (2) Guinn's November 1998 application for a position on the road-and-bridge crew; (3) the Commissioner's January 1999 letter informing Guinn that he had not been hired; and (4)-(6) various excerpts from the Manual.

2. Title 28, section 1746 provides that, whenever under federal law a matter is required to be made under oath or affirmation, the matter may be established by a written, "unsworn declaration" attesting that the matter is "true under penalty of perjury." 28 U.S.C.A. § 1746 (West 1994).

and (3) he was not a political appointee subject to removal without cause upon the election of a new commissioner. Concerning his constitutional claim, he averred: (1) the County is not immune from a valid constitutional claim; (2) Texas law permits a litigant to obtain equitable relief, including attorney's fees, for constitutional violations; and (3) his employment contract gave him a constitutionally-protected property interest in continued employment.

The court granted the County's motion for summary judgment without specifying the basis for its ruling.

### THE DECLARATION

Guinn claims in his first issue that the court erred in granting the summary judgment because the Commissioner's "Declaration" does not constitute competent summary judgment evidence.

■ Whenever evidence is required to support a summary judgment motion, such evidence must be provided by affidavit or by sworn or authenticated copies of other documentary evidence. *See* TEX.R. CIV. P. 166a(f); *Coastal Cement Sand, Inc. v. First Interstate Credit Alliance, Inc.*, 956 S.W.2d 562, 567 (Tex.App.—Houston [14th Dist.] 1997, pet. denied). To constitute an affidavit for purposes of Rule 166a(f), the document in question must be "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 645–46 (Tex.1995); *Acme Brick v. Temple Assocs., Inc.*, 816 S.W.2d 440, 441 (Tex.App.—Waco 1991, writ denied); *Hall v. Rutherford*, 911 S.W.2d 422, 425 (Tex.App.—San Antonio 1995, writ denied) (all quoting TEX. GOV. CODE ANN. § 312.011(1) (Vernon 1998)).

The term "oath" includes an "affirmation." TEX. GOV.CODE ANN. § 312.011(8)

(Vernon 1998). The term "sworn" includes that which is "affirmed." *Id.* § 312.011(16) (Vernon 1998). Thus, a document can constitute an affidavit if it is "[affirmed] before an officer authorized to administer oaths [or affirmations], and officially certified to by the officer under his seal of office." *Id.* § 312.011(1). In either event, an affidavit must be sworn to or affirmed before a third party, and this third party must certify that the maker so swore to or affirmed the statement at issue. *Id.*

■ The certification by the third party is known as the "jurat." *See Huckin v. Connor*, 928 S.W.2d 180, 183 (Tex. App.—Houston [14th Dist.] 1996, writ denied); *Acme Brick*, 816 S.W.2d at 441. Without a jurat, a statement is not an "affidavit." *See Coastal Cement Sand*, 956 S.W.2d at 567; *Hall*, 911 S.W.2d at 425.

The County cites *Centro Jurici de Instituto Tecnologico v. Intertravel, Inc.* for the proposition that an unsworn declaration can constitute competent summary judgment evidence. 2 S.W.3d 446 (Tex.App.—San Antonio 1999, no pet.). In *Centro Jurici*, the court was construing the sufficiency of a declaration like the one at issue in Guinn's case to support an application for a writ of certiorari to review the decision of a justice court. *See Centro Jurici*, 2 S.W.3d at 449. Rule of Civil Procedure 577 requires that such an application be supported by an affidavit. *See* TEX.R. CIV. P. 577. The court determined that the declaration at issue was "the functional equivalent of an affidavit under Texas law" because its maker affirmed "under penalty of perjury that the recited facts were true and correct." *Centro Jurici*, 2 S.W.3d at 449. Thus, the court concluded that the writ application, accompanied by an unsworn declaration, constituted a "bona fide attempt to invoke [the county court's] appellate court jurisdiction." *Id.* at 450

(quoting *Walker v. Blue Water Garden Apartments,* 776 S.W.2d 578, 581 (Tex. 1989)).

■ *Centro Jurici* is distinguishable for two reasons. First, the decision ignores the fact that an affidavit must be: (1) sworn to or affirmed by the affiant; *and* (2) certified by some third party. *See Coastal Cement Sand,* 956 S.W.2d at 567; *Hall,* 911 S.W.2d at 425; TEX. GOV.CODE ANN. § 312.011(1); *see also Ford Motor Co.,* 904 S.W.2d at 645–46. Also, the question at issue in *Centro Jurici* concerned whether the applicant had properly invoked the appellate jurisdiction of the county court at law. *See Centro Jurici,* 2 S.W.3d at 449. Settled case law establishes that a "bona fide attempt," even if defective, will suffice to invoke an appellate court's jurisdiction. *See Verburgt v. Dorner,* 959 S.W.2d 615, 616 (Tex.1997). Guinn's case, instead, involves the County's effort to show itself entitled to judgment as a matter of law. Given the burdens and inferences applicable in the summary judgment context, we conclude that a summary judgment affidavit must satisfy more exacting standards than an "affidavit" offered in support of an application for a writ of certiorari under Rule 577.

■ The County provided an unsworn declaration which complies with title 28, section 1746 of the United States Code. However, such a document does not constitute an affidavit as contemplated by Rule 166a(f). *See Coastal Cement Sand,* 956 S.W.2d at 567; *Hall,* 911 S.W.2d at 425; TEX. GOV.CODE ANN. § 311.021(1); *see also Ford Motor Co.,* 904 S.W.2d at 645–46. Accordingly, the declaration is not competent summary judgment evidence.

Guinn contends that, because the County's summary judgment proof rests entirely on this declaration, the County failed to establish its entitlement to judgment as a

matter of law and reversal is required. We disagree. Rule 166a(c) provides that a trial court "shall" grant a summary judgment if the evidence "on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show[s] that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response." TEX.R. CIV. P. 166a(c).

■ The Supreme Court has interpreted this rule to mean that the summary judgment record consists of "evidence attached either to the motion or to a response." *Wilson v. Burford,* 904 S.W.2d 628, 629 (Tex.1995) (per curiam); *accord McIntosh v. NationsBank,* 963 S.W.2d 545, 547 (Tex.App.—Houston [14th Dist.] 1997, pet. denied); *H.S.M. Acquisitions, Inc. v. West,* 917 S.W.2d 872, 879 n. 4 (Tex.App.—Corpus Christi 1996, writ denied). Thus, a trial court must grant a motion for summary judgment if the "evidence attached either to the motion or to a response" demonstrates the absence of any genuine issue of material fact and the movant's entitlement to judgment as a matter of law on the grounds set out in the motion. *See id.*

Accordingly, we must look to the remainder of the summary judgment record to determine whether the County established its entitlement to judgment as a matter of law. For this reason, we sustain Guinn's first issue in part and overrule it in part.

## EMPLOYMENT CONTRACT

Guinn argues in his second issue that the court erred in granting the County's summary judgment motion because the Manual constitutes an employment con-

tract. Guinn advances several arguments to support this theory: (1) the Manual contains no express disclaimer that it does not constitute an employment contract; (2) the Manual provides that an employee may be dismissed "for just cause"; (3) the introduction to the Manual states that the Manual defines the "rights and privileges" of county employees; (4) the Manual requires an employee to give ten days' written notice in order to "resign in good stead"; and (5) the County adopted the Manual for "the mutual benefit" of the County and its employees.[3]

"[A]bsent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all." *Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex.1998). A personnel manual may modify the traditional at-will relationship "if it specifically and expressly curtails the employer's right to terminate the employee." *Figueroa v. West*, 902 S.W.2d 701, 705 (Tex.App.—El Paso 1995, no writ); *accord Crow v. Rockett Special Util. Dist.*, 17 S.W.3d 320, 328 (Tex.App.—Waco 2000, pet. denied); *McAlister v. Medina Elec. Coop., Inc.*, 830 S.W.2d 659, 664 (Tex.App.—San Antonio 1992, writ denied).

Guinn is correct that the Manual does not contain an express disclaimer. *Cf. Federal Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283–84 (Tex.1993) (per curiam). However, the Manual does provide that "[n]o employee shall have an employment contract for a specific or indefinite period of time unless the contract is approved in writing by the Commissioners' Court." Under Guinn's reading of the Manual, every county employee has a con-

tract of employment with the County by virtue of the Manual itself. Were this true, then the quoted provision would be meaningless. Although this provision is not a true disclaimer, we believe it has the effect of a disclaimer.

An oral or written statement that an employee may be terminated for "good reason" or "good cause" without further definition of such term will not suffice to alter the traditional at-will employment relationship. *See Brown*, 965 S.W.2d at 502; *Welch v. Doss Aviation, Inc.*, 978 S.W.2d 215, 221 (Tex.App.—Amarillo 1998, no pet.); *Reynolds Mfg. Co. v. Mendoza*, 644 S.W.2d 536, 537–39 (Tex.App.—Corpus Christi 1982, no writ). Guinn contends that the Manual altered the at-will status because the only express provision therein for a dismissal states, "A supervisor *may* dismiss an employee at any time for just cause." (emphasis added). However, this provision does not "specifically and expressly" limit the grounds for "dismissal" of a Bosque County employee to "just cause." *See Coté v. Rivera*, 894 S.W.2d 536, 541 & n. 2 (Tex.App.—Austin 1995, no writ); *Hicks v. Baylor Univ. Med. Ctr.*, 789 S.W.2d 299, 302–03 (Tex.App.—Dallas 1990, writ denied); *and compare City of Odessa v. Barton*, 967 S.W.2d 834, 834–35 (Tex.1998) (policies conferred "just-cause status" on certain employees and prohibited City from terminating employment of such employees without pretermination and post-termination hearings). Thus, this provision does not alter the at-will status of county employees.

The Manual reserves to the County the right to make unilateral amendments to the personnel policies. This is another indication that the Manual does not alter the traditional at-will status of County em-

---

**3.** Guinn attached the entirety of the Manual to his summary judgment response, supported by a proper affidavit.

ployees. *See Werden v. Nueces County Hosp. Dist.,* 28 S.W.3d 649, 651–52 (Tex. App.—Corpus Christi 2000, no pet.); *Figueroa,* 902 S.W.2d at 705; *Hicks,* 789 S.W.2d at 302; *Reynolds Mfg.,* 644 S.W.2d at 539.

Guinn points to the fact that the Manual requires an employee who is resigning to provide ten-days' written notice in order to "resign in good stead." This provision certainly restricts the manner in which an employee may choose to voluntarily leave the County's employ. However, it in no wise "specifically [or] expressly curtails" the County's right to terminate its employees. *See Crow,* 17 S.W.3d at 328; *Figueroa,* 902 S.W.2d at 705; *McAlister,* 830 S.W.2d at 664.

 Guinn notes that the Manual purports to define the "rights and privileges" of County employees and exists for "the mutual benefit" of the County and its employees. However, the mere fact that an employee handbook grants certain "rights" to employees does not necessarily equate to the creation of substantive property rights or an alteration of the traditional at-will status. *See Byars v. City of Austin,* 910 S.W.2d 520, 524 (Tex.App.—Austin 1995, writ denied); *Coté,* 894 S.W.2d at 541; *Renken v. Harris County,* 808 S.W.2d 222, 225 (Tex.App.—Houston [14th Dist.] 1991, no writ). Again, these statements do not in any way limit the County's right to terminate its employees. Rather, the Manual provides only general personnel guidelines for the information and benefit of the County and its employees. *See Coté,* 894 S.W.2d at 541; *Reynolds Mfg.,* 644 S.W.2d at 539.

For these reasons, we conclude that the Manual does not "specifically and expressly curtail[ ]" the County's right to terminate its employees. *See Crow,* 17 S.W.3d at 328; *Figueroa,* 902 S.W.2d at 705; *McAlister,* 830 S.W.2d at 664. Thus, the

Manual did not alter the at-will relationship the County had with Guinn. Accordingly, we overrule Guinn's second issue.

## REMAINING ISSUES

Guinn contends in his third issue that sovereign immunity does not bar his suit because he had an employment contract with the County. He alleges in his fourth issue that his termination was done in violation of his right to due course of law under article I, section 19 of the Texas Constitution. These issues both depend on a finding that Guinn had an employment contract with the County. Because we have concluded that he did not, we overrule these issues.

We affirm the judgment.