**ROBISON v. KELLY.**

No. 11828.

Court of Civil Appeals of Texas.
San Antonio.

March 17, 1948.

Aubrey Robison, of Daingerfield, in pro. per.

Lon D. Herbert, of Alice, for appellee.

MURRAY, Justice.

■ Appellee's motion to dismiss this cause will be granted. Judgment in this cause was rendered in the trial court on June 20, 1947; the writ of error bond was filed herein on December 27, 1947, which was some seven days too late.

Rule 359, Texas Rules of Civil Procedure, provides for the filing of a petition for a writ of error.

Rule 361, T.R.C.P., provides that at the time of the filing of the petition for a writ of error the appellant shall ·file with the clerk an appeal bond, or affidavit in lieu thereof, as provided for in the Rules.

Rule 363, T.R.C.P., provides that writ of error is perfected when the petition and bond, or affidavit in lieu thereof, is filed.

Rule 354, T.R.C.P.·, makes it the duty of the clerk of the trial court to estimate and fix the probable amount of the costs of the court below, the Court of Civil Appeals and the Supreme Court and requires· that an appeal bond or writ of error bond shall be in double the amount so fixed by the clerk.

Appellant states that he forwarded to the clerk of the District Court of Jim Wells County a petition for a writ of error, together with a writ of error bond in the sum of $100. He does not state that he had previously asked the clerk to fix the amount of probable costs on appeal, as is required by Rule 354, and that such clerk had fixed such amount at fifty dollars. He does state, however, that on December 17, 1947, the clerk wired him that the bond was not in a sufficient amount and that a bond in the sum of $200 should be furnished. The bond in the sum of $200 ·was not sent to the clerk until after the six months' period had elapsed, within which he could have perfected his appeal by writ of error.

■ No writ of error bond was filed, and thus appellant lost his right to appeal by writ of error, unless he is able to show that it was the ministerial duty of the clerk to approve and file the bond which he sent to her prior to December 20, 1947.

■ The record, instead of showing it was the clerk's ministerial duty to file and

approve the first bond in the sum of $100, shows that she correctly refused to do so, because it was an insufficient amount.

The failure to file a writ of error bond or affidavit in lieu thereof, within the six months' period allowed for perfecting an appeal by writ of error is fatal to the right of appeal by writ of error. Art. 2255, Vernon's Ann.Civ.Stats.; Maples v. Service Mutual Insurance Company, Tex.Civ. App., 169 S.W.2d 500; Greer v. Poulter, Tex.Civ.App., 189 S.W.2d 883.

No bond having been filed within the six months' period and no bond in the correct amount having been tendered to the trial clerk within that period, appellant failed to perfect his appeal by writ of error and this court acquired no jurisdiction of this cause. Ryan v. City National Bank & Trust Company, Tex.Civ.App., 186 S.W. 2d 747.

Accordingly, appellee's motion to dismiss will be granted and the cause dismissed.