## PINKSTON v. PINKSTON.

### No. 3195.

Court of Civil Appeals of Texas. Waco.

June 17, 1954.

Norris Lovett, Corsicana, for appellant.

Dawson & Dawson, Corsicana, for appellee.

TIREY, Justice.

This is a suit in garnishment after judgment against the First National Bank of Corsicana. Appellee in her application for garnishment set out that she recovered a judgment against Lucian A. Pinkston in Cause No. 26718 in the District Court of Navarro County, giving the date of the judgment and style of the case, and that judgment was rendered in her favor against the said Lucian A. Pinkston in the sum of $2,748.97, with interest thereon at the rate of six per cent per annum from date of such judgment, and alleged that the interest as of the date of the affidavit, which was the 16th of November, 1953, amounted to $295.34; that defendant, Lucian A. Pinkston, did not have, within affiant's knowledge, property in his possession within this state subject to execution sufficient to satisfy said judgment, and that affiant had reason to believe that said First National Bank of Corsicana, garnishee, was indebted to defendant and had in its possession effects belonging to defendant Pinkston, and particularly had on deposit certain funds to the account of said defendant, and caused the writ to be issued and served on the First National Bank of Corsicana.

Pertinent to this discussion the garnishee answered to the effect that the Bank is and was indebted to defendant L. A. Pinkston in the amount of $3,401.27, being the amount on deposit in said Bank to the credit of said Pinkston at the time the

writ was served upon it. The garnishee set up that it was necessary for it to employ attorneys to prepare its answer and that it had contracted with them to pay them a reasonable sum for such services and it alleged a reasonable fee would be the sum of $100 and prayed for proper judgment to be entered on its answer.

L. A. Pinkston filed motion to quash, in which he set out that appellee, with malice and without probable cause and knowing that he was solvent, had caused the writ to issue. He also set out that there was no final judgment against him and he asked that the writ be canceled. He did not contest in any wise the answer of garnishee.

The cause was tried without the aid of a jury, and the decree, entered on December 11, 1953, among other things, found that garnishee was indebted to the intervener, L. A. Pinkston, in the sum of $3,-401.27, and further found that appellee recovered judgment against the said L. A. Pinkston in Cause No. 26718, styled Susa Dale Pinkston v. W. E. Pinkston et al., said judgment having been entered on the 25th of January, 1951, and the amount of said judgment being $2,748.97, with interest at the rate of six per cent per annum, and that there is now due on said judgment the sum of $3,044.31, and that said judgment is still unsatisfied, and further found in favor of Susa Dale Pinkston as to the issues raised by the intervener, L. A. Pinkston, and decreed that Susa Dale Pinkston do have and recover of and from the garnishee, First National Bank of Corsicana, in the sum of $3,044.-31, with interest thereon, and all costs, including those in this proceeding, and further decreed that the collection of such amount under the judgment shall be a bar to any recovery from said garnishee of such indebtedness by said intervener, and further decreed that there be taxed as costs in behalf of garnishee as its reasonable compensation the sum of $100 as attorney's fees, and that this sum be charged against said intervener L. A. Pinkston.

The intervener L. A. Pinkston excepted to the decree and gave notice of appeal to this court.

The Clerk of the District Court fixed the probable amount of costs in this suit in the court below, in the Court of Civil Appeals and Supreme Court in the sum of $250. The pertinent parts of the bond are: "Now, therefore, Know All Men by These Presents that I, L. A. Pinkston, as principal, and the other subscribers thereto as sureties, acknowledge ourselves bound to pay to the said Susa Dale Pinkston the sum of $250.00, conditioned that the said L. A. Pinkston, appellant, shall prosecute his appeal with effect, and shall pay all costs that have accrued in the court below and which may accrue in the Court of Civil Appeals and in the Supreme Court." The bond was dated the 29th of September, 1953, and was approved by the Clerk of the District Court for the 13th Judicial District on the 29th of December, 1953. The transcript was received in this court on February 16, 1954, and was ordered filed by this court on the 4th of March, 1954.

Appellee has filed her motion to dismiss this appeal and as grounds therefor set out that (1) appellant has failed to file a good and sufficient bond in double the amount of the probable costs affixed by the Clerk of the District Court of Navarro County, Texas, in compliance with Rule 354, Texas Rules of Civil Procedure, and asked that the cause be dismissed.

■ It is our view that appellant's failure to file appeal bond in accord with Rule 354, T.R.C.P., is jurisdictional and that such failure requires us to dismiss this appeal. Since the clerk of the court below fixed the amount of the costs in the court below and in the Court of Civil Appeals and in the Supreme Court at $250, and since the bond appellant executed was for the sum of $250 only, appellant wholly failed to comply with Rule 354, aforesaid, and under all the authorities, such bond is insufficient and it is jurisdictional and requires that this cause be dismissed.

See Brandon v. Tartt, Tex.Civ.App., 220 S.W.2d 672, no writ history. See also discussion in Maples v. Service Mutual Ins. Co., Tex.Civ.App., 169 S.W.2d 500, writ dis.: also Robison v. Kelly, Tex. Civ.App., 209 S.W.2d 629, no writ history, and cases there collated.

In the event we are mistaken in the foregoing view, since the cause was tried without the aid of a jury and there is no Statement of Facts, we must assume that the testimony tendered is sufficient to sustain the findings, express and implied, in the trial court's judgment, and this would require us to affirm the judgment of the trial court. See Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972; Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286. See also cases collated under 4 Texas Digest, Appeal and Error,

Appellee's motion to dismiss appeal is granted and the appeal is dismissed.