**WICHITA BUILDING CORPORATION et al., Appellants,**

v.

**Al LENZ et al., Appellees.**

**No. 17136.**

Court of Civil Appeals of Texas, Fort Worth.

Oct. 2, 1970.

**830**

Douthitt & Ritter, and Robert J. Ritter, Wichita Falls, for appellants.

Nelson, Montgomery & Robertson, and Bill E. Gowan, Wichita Falls, attorney for appellee, Thomas H. Lewis.

## OPINION

LANGDON, Justice.

This appeal is by writ of error complaining of the action of the trial court in dismissing the suit for want of prosecution. It is contended that the court erred in dismissing the case without giving the plaintiffs an opportunity to explain the reasons for the delay in bringing the case to trial.

The record before us contains no statement of facts, findings of facts or conclusions of law. Only the transcript and the briefs are before us. The transcript contains some affidavits. The record does not reflect that the affidavits were ever presented to the trial court for its consideration and ruling. The persons who made the affidavits were not brought before the trial court to offer testimony on any of the matters set forth in the affidavits.

It is improper in such a proceeding and under such circumstances as are here involved to introduce evidence in this court by way of affidavits placed in the transcript.

The case was dismissed by the trial court on his own initiative. It was one of many cases, listed on the court's docket for dismissal, which were dismissed on the same date for the same reason.

We will not pass upon the merits of the appeal because we are of the opinion that it should be dismissed for reasons hereinafter discussed.

It is deemed appropriate, however, to state that we would be required to affirm on the record before us because the vehicle employed to present the matter to this court for review is inadequate for that purpose. Some of the authorities which lead us to this conclusion are cited below.

The case of Gracey v. West, 422 S.W.2d 913 (Tex.Sup., 1968) involves a case of dismissal under similar circumstances. For further discussion see Vol. 4, McDonald Texas Civil Practice, p. 1359, § 17.19 (Reinstatement), and p. 1484, §§ 18.24 et seq. (Bills of Review); Finley v. Finley, 410 S.W.2d 818 (Tyler Civ.App., 1966, ref., n. r. e.); and Cathcart v. Childers, 296 S.W.2d 340 (Eastland Civ.App., 1956, no writ hist.).

Our jurisdiction is directed to the correction of errors committed in the course of proceedings prior to and connected with the rendition of the judgment by the trial court and we are confined to the record as it is made in the trial court.

The appellant must present this court a record which is sufficiently full to

show clearly the action of the trial court and the error complained of. Upon failure to make such presentation there is nothing before this court to review.

Boyd v. Robinson, 304 S.W.2d 430 (Waco Civ.App., 1957, no writ hist.); Jones v. Elliott, 259 S.W.2d 288 (El Paso Civ.App., 1953, ref., n. r. e., 153 Tex. 68, 263 S.W.2d 250).

We next consider the motion to dismiss the writ of error because it was not sued out within six (6) months after the final judgment was rendered.

The record reflects that the final judgment was rendered and signed by the trial court on September 1, 1969.

Article 2255, Vernon's Ann.Civ.St., provides that, "The writ of error, in cases where the same is allowed, may be sued out at any time within six months after the final judgment is rendered."

In American Bankers' Ins. Co. v. Flowers, 64 S.W.2d 806 (Beaumont Civ.App., 1933, no writ hist.), it was held that "A writ of error is 'sued out,' within the meaning of the statute, when the petition for the writ and the bond, or affidavit in lieu thereof, are filed with the clerk of the court rendering the judgment."

"And where a statute or rule requires two steps in order to perfect an appeal, the taking of only one of them is insufficient." 3 Tex.Jur.2d, pp. 500–501, § 243, and authorities there cited.

Rule 359, T.R.C.P., provides that "The party desiring to sue out a writ of error shall file with the clerk of the court in which the judgment was rendered a written petition signed by him or by his attorney, and addressed to such clerk."

Rule 360, T.R.C.P., describes the requisites of the petition for writ of error.

Rule 361, T.R.C.P., provides that "At the time of filing the petition, the appellant shall file with the clerk an appeal bond, or affidavit in lieu thereof, as provided by these rules."

The record reflects that the petition for writ of error was filed on February 26, 1970, which was within the six month period required by the statute.

The record does not reflect the date on which an appeal bond or affidavit in lieu thereof was filed. It does contain an instrument labeled "Clerk's Certificate," which is dated March 11, 1970, and executed by "Wayne Wiggins, Clerk, District Courts, Wichita County, Texas."

In the above instrument it is certified that the probable cost will be $125.00 and that appellant had deposited with the clerk in cash the sum of $200.00 which was sufficient to pay the costs in the lower court, Court of Civil Appeals and the Supreme Court and that such deposit was made for the purpose of perfecting this appeal.

Under Rule 354, T.R.C.P., such a deposit with the clerk is authorized. When this procedure is utilized "the clerk shall *file* among the papers his certificate showing that the deposit has been made and copy same in the transcript, and this shall have the force and effect of an appeal bond." (Emphasis ours.)

Under this record the required deposit which "shall have the force and effect of an appeal bond" was eleven days late. Since no bond was filed within the six months' period the appellants failed to perfect their appeal by writ of error and this court has no jurisdiction. Robison v. Kelly, 209 S.W.2d 629 (San Antonio Civ. App., 1948, no writ hist.).

Accordingly the appellees' motion to dismiss will be granted and the appeal dismissed.