**LABORATORY CORPORATION OF AMERICA, Appellant**

v.

**MID–TOWN SURGICAL CENTER, INC., Appellee**

No. 05–99–01298–CV.

Court of Appeals of Texas, Dallas.

April 28, 2000.

John Edgar Sherman, Houston, for Appellant.

D. Kevin McCorkindale, Kasselman & McCorkindale, P.C., Plano, for Appellee.

Before Justices LAGARDE, MOSELEY, and FITZGERALD.

## OPINION

Opinion By Justice LAGARDE.

This is a restricted appeal from a default judgment signed December 29, 1998 by the trial court. Upon review of the record, this Court, on its own motion, questions its jurisdiction over the appeal on two grounds: (1) appellant could not utilize the restricted appeal procedures because it timely filed a postjudgment motion to set aside the default judgment; and (2) the notice of appeal was untimely under rule of appellate procedure 26.1(c) because it was filed six months and seventeen days after the trial court signed the judgment. *See* TEX. R. APP. P. 30, 26.1.

On March 20, 2000, pursuant to rule 42.3, the Court notified the parties that the case would be dismissed for want of jurisdiction unless appellant or any party desiring to continue the appeal filed with this Court, within ten days, a response showing grounds for continuing the appeal. *See* TEX. R. APP. P. 42.3. As of the date of this opinion, no party has filed a response to the notice.

The record shows the trial court signed a default judgment against appellant on December 29, 1998. On January 28, 1999, appellant filed a motion to set aside the · default judgment. On July 16, 1999, appellant filed a notice of restricted appeal.

### Timely Filing of a Postjudgment Motion

We lack jurisdiction over this appeal because appellant timely filed a postjudgment motion, which barred him from perfecting his appeal under rule 30. Rule 30 permits a restricted appeal only when the appellant "did not participate-either in person or through counsel-in the hearing that resulted in the judgment complained of" and *"did not timely file a postjudgment motion."* TEX. R. APP. P. 30 (emphasis added). A motion for new trial is timely if filed within thirty days after the judgment was signed. *See* TEX. R. CIV. P. 329b(a). We deem appellant's motion to set aside the default judgment to be a motion for new trial because a motion for new trial following a default judgment requests that the default judgment be set aside. *See Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939); *see also Estate of Pollack v. McMurrey,* 858 S.W.2d 388, 390 (Tex.1993) (citing *Craddock,* 134 Tex. 388, 133 S.W.2d 124).

The record shows appellant filed a motion to set aside the default judgment, the equivalent of a motion for new trial, on January 28, 1999. The motion was filed thirty days after the signing of the judgment and was timely. Because appellant timely filed a postjudgment motion, rule 30 does not permit appellant to bring a restricted appeal. Therefore, appellant had to file his notice of appeal within ninety days after the trial court signed the judgment, which it failed to do. *See* TEX. R. APP. P.26.1(a)(2); *Thomas v. Texas Dep't of Criminal Justice–Institutional Div.,* 3 S.W.3d 665, 666-67 (Tex.App.-Fort Worth 1999, no pet.). Accordingly, we lack jurisdiction over this appeal.

### Untimely Notice of Appeal

Alternatively, even if the timely postjudgment motion did not bar appellant from using the restricted appeal procedure, the record does not show appellant

timely perfected the appeal as a restricted appeal. Rule of appellate procedure 30, which governs restricted appeals, requires that the notice of appeal be filed within the time specified by rule 26.1(c). *See* TEX. R. APP. P. 30. Rule 26.1(c) requires that the notice of appeal be filed within six months after the judgment was signed. *See* TEX. R. APP. P. 26.1(c). Rule 26.3 permits an extension of time to file the notice of appeal for fifteen days after the deadline for filing the notice of appeal. *See* TEX. R. APP. P. 26.3. Thus, appellant had to file the notice of appeal within six months and fifteen days after December 28, 1998. The record shows the notice of appeal was filed six months and seventeen days after the judgment was signed. A timely notice of appeal is a requirement for this Court's jurisdiction. *See Wichita Bldg. Corp. v. Lenz,* 458 S.W.2d 829, 831 (Tex.Civ.App.-Fort Worth 1970, no writ); *see also State v. Organic Composting Resources Co.,* 925 S.W.2d 129, 130 (Tex. App.-Austin 1996, no writ). In this case, appellant did not timely file the notice of appeal; accordingly, we lack jurisdiction over the appeal.

We dismiss this appeal for want of jurisdiction.