SP Dorman Exploration Company LP v. Mitchell Energy Company LP
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-007-CV

     S.P. DORMAN
     EXPLORATION COMPANY, L.P.,
                                                                              Appellant
     v.

     MITCHELL ENERGY COMPANY, L.P.,
                                                                              Appellee
 

From the 77th District Court
Freestone County, Texas
Trial Court # 01-061-A
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      The trial court granted Mitchell Energy Company’s application for appointment of a receiver
by judgment signed on April 25, 2001. S.P. Dorman Exploration Company filed a motion for
new trial on August 9 under the provisions of Rule of Civil Procedure 329. See Tex. R. Civ. P.
329. The trial court heard the motion for new trial on August 29 and denied it in an order signed
on October 15. Dorman filed a notice of appeal on November 27. Mitchell has filed a motion to
dismiss the appeal for want of jurisdiction, arguing that Dorman’s notice of appeal is untimely.
      Rule of Civil Procedure 329 permits a defendant who was served by publication and has not
previously appeared to file a motion for new trial within two years after judgment. Id. If this
motion is filed more than thirty days after judgment, then the appellate timetables run from the
date of the filing of the motion. Id. 306a(7), 329(d); Tex. R. App. P. 4.4.
      Dorman filed its Rule 329 motion for new trial on August 9. Accordingly, the deadline for
filing its notice of appeal was November 7. See Tex. R. App. P. 26.1(a)(1). A motion for an
extension of time to file the notice of appeal would be timely if filed by November 26.


 Dorman
did not file such a motion.
      This cannot be a restricted appeal under Rule of Appellate Procedure 30. Id. 30. Rule
26.1(c) permits a party to perfect a restricted appeal by filing a notice of appeal within six months
after judgment. Id. 26.1(c). However, Rule 30 limits the restricted appeal to parties who did not
participate at trial “and who did not timely file a postjudgment motion.”


 Id. 30 (emphasis
added); Laboratory Corp. of Am. v. Mid-Town Surgical Ctr., Inc., 16 S.W.3d 527, 528 (Tex.
App.—Dallas 2000, no pet.). Dorman timely filed a motion for new trial under Rule of Civil
Procedure 329. Accordingly, it cannot pursue a restricted appeal. Thus, we grant Mitchell’s
motion and dismiss this appeal for want of jurisdiction.

                                                                         PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed for want of jurisdiction
Opinion delivered and filed February 13, 2002
Publish
[CV06]