NO. 07-02-0356-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



DECEMBER 10, 2002


______________________________



ESAU RODRIGUEZ
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;



NO. CR99K-099; HON. DAVID WESLEY GULLEY, PRESIDING


_______________________________



Before QUINN, REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND


 Appellant Esau Rodriguez appeals from a judgment convicting him of attempted
sexual assault. The clerk's record is due in this cause, and an extension of the applicable
deadline was sought. To justify the extension, the district clerk represented that appellant
has failed to 1) file a written designation for the clerk's record, 2) file a written designation
for the reporter's record and 3) pay or make arrangements to pay for the record. This is
the second request filed by the district clerk. The first request was based on the same
reasons that are before us now. Nothing of record appears showing the appellant is
indigent and entitled to a free record. 

 Accordingly, we now abate this appeal and remand the cause to the 222nd District
Court of Deaf Smith County (trial court) for further proceedings. Upon remand, the trial
court shall immediately cause notice of a hearing to be given and, thereafter, conduct a
hearing to determine the following: 

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent; and, 

 3. whether the appellant is entitled to a free appellate record due to his indigency. 

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings
of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed
a supplemental clerk's record containing the findings of fact and conclusions of law and
all orders it may issue as a result of its hearing on this matter, and 3) cause to be
developed a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall then file the supplemental
record with the clerk of this court on or before January 10, 2003. Should further time be
needed by the trial court to perform these tasks, then same must be requested before
January 10, 2003. 

 It is so ordered. 

 Per Curiam 

 

Do not publish. 

 



ppellant filed a "Motion for New Trial/Rehearing Motion for
Re-Hearing" in which he pointed out that a response to the requests for interrogatories and
disclosure was filed on November 3, 2003, asserted that counsel had not received notice
of the November 24, 2003 hearing, and requested that "the Court set aside the judgment
of conviction entered in this cause and order a new trial on the merits." 

 On January 26, 2004, the trial court notified all counsel by letter that he had received
a proposed order imposing sanctions and rendering a default judgment. He further advised
them that he would consider the proposed order on February 3, 2004, and enter it unless
appellant, by written objection, showed good cause why the order should not be entered. 
On February 3, 2004, appellee filed a "Motion for Default Judgment" with a certification that
a copy of the motion had been served on appellant's attorney by certified mail, return
receipt requested, on November 25, 2003.

 On February 3, 2004, the default judgment giving rise to this appeal was signed by
the court. The record shows that a copy of the order imposing sanctions and granting a
default judgment was sent to appellant's attorney on February 3, 2004. Appellant's
restricted notice of appeal was filed on August 2, 2004. 

Discussion

 A restricted appeal, as did its predecessor writ of error, directly attacks a default
judgment and prevents this court from indulging in presumptions in support of the
judgment. See Campsey v. Campsey, 111 S.W.3d 767, 770 (Tex. App.-Fort Worth 2003,
no pet.). However, Texas Rule of Appellate Procedure 30 requires that to be entitled to a
restricted appeal, a party must meet four requirements. Those requirements are: 1) a
notice of restricted appeal must be filed within six months after the judgment is signed, 2)
by a party to the lawsuit, 3) who did not participate in the hearing that resulted in the
judgment of which the party complains and did not file a timely post-judgment motion, and
4) error must be apparent on the face of the record. Tex. R. App. P. 30; Campsey v.
Campsey, 111 S.W.3d at 770. These requirements are jurisdictional and, if they are not
met, will cut off a party's right to seek relief. Clopton v. Pap, 66 S.W.3d 513, 515 (Tex.
App.-Fort Worth 2001, pet. denied).

 In a restricted appeal, the "face of the record" consists of the papers on file with the
trial court at the time it rendered judgment. General Electric Co. v. Falcon Ridge Apts., 811
S.W.2d 942, 944 (Tex. 1991). Accordingly, an appellate court may not consider evidence
in a restricted appeal unless it was before the court when judgment was rendered. Such
a prohibition is appropriate because a restricted appeal directly attacks the judgment
rendered. As we have noted, in this case, appellant filed in the trial court the
instrument denominated inter alia as a motion for new trial. While it was filed before the
default judgment was actually granted, it is apparent that it was directed at the events that
culminated in the February 3, 2004 judgment. Texas Rule of Civil Procedure 306c
specifically provides that no motion for new trial shall be held ineffective because
prematurely filed "but every such motion shall be deemed to have been filed on the date
of but subsequent to the time of the filing of the judgment. . . . " Tex. R. Civ. P. 306c. 
Thus, as well as the record being sufficient to show that appellant was cognizant of and
participated in some of the trial activities, it also shows that he filed an instrument that
would be deemed a post-judgment motion for new trial. Therefore, the record before us
is sufficient to show that he is not entitled to bring a restricted appeal. See Laboratory
Corp. of Am. v. Mid-Town Surgical Center, 16 S.W.3d 527, 528 (Tex. App.-Dallas 2000,
no pet.). Appellant was required to file his notice of direct appeal within 90 days after the
judgment was signed. Because he did not do so, and because he is not entitled to a
restricted appeal, we have no jurisdiction to consider this appeal.

 Accordingly, we must, and do hereby, dismiss this appeal. 


 John T. Boyd

 Senior Justice



 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).