# NO. 12-10-00170-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTHONY WAYNE WHITE,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS, THE*<br>*DEPARTMENT OF CRIMINAL*<br>*INSTITUTIONAL DIVISION,*<br>*RICHARD SNEATH AND JOHN DOE,*<br>*APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

This appeal is being dismissed for want of jurisdiction pursuant to Texas Rule of Appellate Procedure 42.3(a). The trial court's judgment was signed on February 5, 2010. Under rule of appellate procedure 26.1, the notice of appeal must be filed within thirty days after the judgment is signed. But Appellant timely filed a motion for new trial on March 4, 2010. *See* TEX. R. APP. P. 26.1(a) (providing that notice of appeal must be filed within ninety days after judgment signed if any party timely files motion for new trial); *see also* TEX. R. CIV. P. 329b(a) (requiring motion for new trial to be filed within thirty days after judgment signed). Therefore, his notice of appeal was due to have been filed no later than May 6, 2010. However, Appellant did not file his notice of appeal until June 2, 2010. Because the notice of appeal was filed later than May 6, 2010, it was untimely.

On June 4, 2010, this court notified Appellant pursuant to Texas Rules of Appellate Procedure 37.1 and 42.3 that his notice of appeal was untimely and there was no timely motion for an extension of time to file the notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3. Appellant was further informed that unless the record was amended on or before June 21, 2010 to establish the jurisdiction of this court, the appeal would be dismissed.

On June 8, 2010, Appellant informed this court that his appeal is a restricted appeal and therefore his notice of appeal is timely. *See* TEX. R. APP. P. 26.1(c) (notice of appeal in restricted appeal to be filed within six months after judgment signed). He maintains that this is a restricted appeal because "Appellant is a party affected by the trial court's judgment, but did not participate–either in person or through counsel–in the hearing that resulted in the judgment complained of."

A restricted appeal is allowed only if (1) the notice of appeal is filed within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. TEX. R. APP. P. 30. Here, Appellant timely filed a postjudgment motion—a motion for new trial. Consequently, rule 30 does not permit him to bring a restricted appeal. *See **Lab. Corp. of Am. v. Mid–Town Surgical Ctr.***, 16 S.W.3d 527, 528 (Tex. App.–Dallas 2000, no pet.) (holding restricted appeal unavailable when appellant timely files motion for new trial). Because Appellant did not file his notice of appeal within ninety days after the trial court signed the judgment, we are without jurisdiction of his appeal.

This court is not authorized to extend the time for perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3. Accordingly, the appeal is ***dismissed for want of jurisdiction***. *See* TEX. R. APP. P. 42.3(a).

Opinion delivered June 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)