NO









NO. 12-10-00170-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

ANTHONY WAYNE WHITE,                           '     APPEAL
FROM THE THIRD

APPELLANT

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS, THE 

DEPARTMENT OF CRIMINAL                     '     ANDERSON
COUNTY, TEXAS

INSTITUTIONAL DIVISION, 

RICHARD SNEATH AND JOHN
DOE,

APPELLEES

 





MEMORANDUM
OPINION

PER
CURIAM

            This
appeal is being dismissed for want of jurisdiction pursuant to Texas Rule of
Appellate Procedure 42.3(a).  The trial court’s judgment was signed on February
5, 2010.  Under rule of appellate procedure 26.1, the notice of appeal must be
filed within thirty days after the judgment is signed.  But Appellant timely
filed a motion for new trial on March 4, 2010.  See Tex. R. App. P. 26.1(a) (providing that
notice of appeal must be filed within ninety days after judgment signed if any
party timely files motion for new trial); see also Tex. R. Civ. P. 329b(a) (requiring
motion for new trial to be filed within thirty days after judgment signed). 
Therefore, his notice of appeal was due to have been filed no later than May 6,
2010.  However, Appellant did not file his notice of appeal until June 2,
2010.  Because the notice of appeal was filed later than May 6, 2010, it was
untimely.

            On
June 4, 2010, this court notified Appellant pursuant to Texas Rules of
Appellate Procedure 37.1 and 42.3 that his notice of appeal was untimely and
there was no timely motion for an extension of time to file the notice of
appeal as permitted by Texas Rule of Appellate Procedure 26.3.  Appellant was
further informed that unless the record was amended on or before June 21, 2010
to establish the jurisdiction of this court, the appeal would be dismissed.  








            On
June 8, 2010, Appellant informed this court that his appeal is a restricted
appeal and therefore his notice of appeal is timely.  See Tex. R. App. P. 26.1(c) (notice of
appeal in restricted appeal to be filed within six months after judgment
signed).  He maintains that this is a restricted appeal because “Appellant is a
party affected by the trial court’s judgment, but did not participate–either in
person or through counsel–in the hearing that resulted in the judgment
complained of.”  

A
restricted appeal is allowed only if (1) the notice of appeal is filed within
six months after the trial court signs the judgment, (2) by a party to the
suit, (3) who did not participate in the hearing that resulted in the judgment
complained of and did not timely file any postjudgment motions or requests for
findings of fact and conclusions of law, and (4) error is apparent on the face
of the record.  Tex. R. App. P. 30. 
Here, Appellant timely filed a postjudgment motion—a motion for new trial. 
Consequently, rule 30 does not permit him to bring a restricted appeal.  See
Lab. Corp. of Am. v. Mid–Town Surgical Ctr., 16 S.W.3d 527, 528 (Tex.
App.–Dallas 2000, no pet.) (holding restricted appeal unavailable when
appellant timely files motion for new trial).  Because Appellant did not file
his notice of appeal within ninety days after the trial court signed the
judgment, we are without jurisdiction of his appeal.

This
court is not authorized to extend the time for perfecting an appeal except as
provided by Texas Rules of
Appellate Procedure 26.1 and 26.3.  Accordingly, the appeal is dismissed
for want of jurisdiction.  See Tex.
R. App. P.  42.3(a).

Opinion delivered June 30, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

(PUBLISH)