**DISMISS; and Opinion Filed March 30, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00383-CV

## IN THE INTEREST OF A.D. AND B.D., CHILDREN

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. FA-14-0446**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Fillmore

Appellant E.A.W. filed her notice of appeal on March 25, 2015, contesting the trial court's January 6, 2015 order terminating her parental rights to A.D. and B.D. On March 26, 2015, E.A.W. filed a motion for leave to file an out-of-time appeal.

An appeal in a parental termination case is governed by the rules of appellate procedure that relate to accelerated appeals. TEX. R. APP. P. 28.4(a)(1); TEX. FAM. CODE ANN. § 109.002(a) (West 2014). The notice of an accelerated appeal must be filed within twenty days of the date the judgment is signed. TEX. R. APP. P. 26.1(b). An appellate court may extend the time to file a notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party files a notice of appeal in the trial court and files a motion to extend time for filing a notice of appeal, complying with rule of appellate procedure 10.5(b), in the appellate court. TEX. R. APP. P. 26.3. However, "[f]iling a motion for new trial, any other post-trial motion, or a request for findings of fact will not extend the time to perfect an accelerated appeal." TEX. R. APP. P.

28.1(b); *see also In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* Tex. R. App. P. 25.1(b); *Lab. Corp. of Am. v. Mid-Town Surgical Ctr., Inc.*, 16 S.W.3d 527, 529 (Tex. App.—Dallas 2000, no pet.) ("A timely filed notice of appeal is a requirement for this Court's jurisdiction.").

The trial court signed the order of termination in this case on January 6, 2015. Accordingly, the notice of appeal was due by January 26, 2015. E.A.W. filed her notice of appeal on March 25, 2015, fifty-eight days after the deadline for filing her notice of appeal and forty-three days after the deadline to file a motion for extension of time to file the notice of appeal.

In her motion for leave to file an out-of-time appeal, E.A.W. states she filed a motion for new trial that was denied by written order on March 20, 2015. She acknowledges in her motion for leave to file an out-of-time appeal that her motion for new trial did not extend the deadline for filing her accelerated appeal. Because E.A.W.'s notice of appeal was untimely, this Court lacks jurisdiction over the appeal. *See In re S.H.*, No. 05-14-01478-CV, 2015 WL 84674 (Tex. App—Dallas Jan. 7, 2015, no pet.) (mem. op.); *In re M.H.*, No. 05-14-01014-CV, 2014 WL 5487752 (Tex. App.—Dallas Sept. 15, 2014, no pet.) (mem. op.).

For these reasons, we deny E.A.W.'s "Motion for Leave to File Out-of-Time Appeal," and we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

150383F.P05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF A.D. AND B.D.,
CHILDREN

No. 05-15-00383-CV

On Appeal from the 59th Judicial District
Court, Grayson County, Texas,
Trial Court Cause No. FA-14-0446.
Opinion delivered by Justice Fillmore,
Justices Myers and Evans participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellant bear her own costs of this appeal.

Judgment entered this 30th day of March, 2015.