

IN THE
TENTH COURT OF APPEALS

No. 10-15-00249-CV

MARGARET CANNON,

Appellant

v.

DEPUTY MELVIN BOWSER,

Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 13-002189-CV-272

MEMORANDUM OPINION

On November 24, 2014 and December 2, 2014, appellant, Margaret L. Cannon, filed

pro se notices of appeal, challenging judgments granted in favor of numerous parties.[1] In

the current appeal, Cannon complains about the trial court's dismissal of her claims

against Deputy Melvin Bowser of the Brazos County Sheriff's Office. As expressed in her

---

[1] On January 22, 2015, we severed and dismissed Cannon's claims against Officer Tristan Lopez, Officer Bobby Williams, and the City of Bryan. *See generally Cannon v. Bowser*, Nos. 10-14-00357-CV, 10-15-00011-CV, 10-15-00012-CV, 2015 Tex. App. LEXIS 585 (Tex. App.—Waco Jan. 22, 2015, no pet.) (mem. op.).

briefs, it appears that Cannon takes issue with the manner in which Deputy Bowser

handled stalking complaints made by Cannon against her sister.

On March 18, 2015, Deputy Bowser filed a motion to dismiss, asserting that this

Court lacks jurisdiction over Cannon's appeal of the trial court's dismissal of her claims

against him. In his motion, Deputy Bowser noted that he filed his motion to dismiss in

the trial court on October 28, 2014, and after a hearing, the trial court granted his motion

on December 4, 2014. As mentioned earlier, Cannon filed two pro se notices of appeal in

this matter—one on November 24, 2014, and a second on December 2, 2014. In neither of

these pro se notices of appeal does Cannon indicate that she wished to appeal from the

trial court's dismissal of her claims against Deputy Bowser.

Texas Rule of Appellate Procedure 25.1(b) provides that the "filing of a notice of

appeal by any party invokes the appellate court's jurisdiction over all parties to the trial

court's judgment or order appealed from." TEX. R. APP. P. 25.1(b). And when filing a

notice of appeal, a party must include, among other things, the trial court number and

style and the date of the appealable judgment or order. *Id.* at R. 25.1(d)(1)-(2).

Additionally, Texas Rule of Appellate Procedure 26.1 states that, for civil cases, a notice

of appeal must be filed within thirty days after the judgment is signed, unless a motion

for new trial, a motion to modify, a motion to reinstate, or a request for findings of fact and conclusions of law have been filed.[2] *See id.* at R. 26.1(a).

In this case, Cannon has not filed a notice of appeal challenging the trial court's dismissal of her claims against Deputy Bowser. Without a timely filed notice of appeal, this Court lacks jurisdiction over Cannon's purported appeal of the trial court's dismissal of her claims against Deputy Bowser. *See id.* at R. 25.1(b); *In re K.A.F.*, 160 S.W.3d 923-927-28 (Tex. 2005); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *see also In re A.L.B.*, 56 S.W.3d 651, 652 (Tex. App.—Waco 2001, no pet.) (mem. op.) (per curiam); *Lab. Corp. of Am. v. Mid-Town Surgical Ctr., Inc.*, 16 S.W.3d 527, 529 (Tex. App.—Dallas 2000, no pet.) ("A timely filed notice of appeal is a requirement for this Court's jurisdiction.").

Accordingly, on our own motion, we sever Cannon's purported appeal of the dismissal of her claims against Deputy Bowser from her other claims in this matter. *See* TEX. R. APP. P. 43.6. The Clerk shall docket Cannon's purported appeal of the dismissal of her claims against Deputy Bowser as 10-15-00249-CV, styled Cannon v. Deputy Melvin Bowser. And because Cannon failed to invoke this Court's jurisdiction over the dismissal

---

[2] Pursuant to Texas Rule of Appellate Procedure 26.1(a), the filing of a motion for new trial, motion to modify, motion to reinstate, or a request for findings of fact and conclusions of law extends the deadline to file a notice of appeal to within ninety days from the date the judgment is signed. TEX. R. APP. P. 26.1(a). Because Cannon has not filed any of the pertinent motions or requests in the trial court challenging the trial court's dismissal of her claims against Deputy Bowser, Rule 26.1(a)'s extension of the filing deadline for a notice of appeal does not apply. *See id.*

of her claims against Deputy Bowser, we grant Deputy Bowser's motion to dismiss.[3]  As such, Cannon's appeal in appellate cause number 10-15-00249-CV is hereby dismissed.

AL SCOGGINS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Appeal dismissed
Opinion delivered and filed July 30, 2015
[CV06]



---

[3] In light of our disposition, all pending motions as to Deputy Bowser are hereby dismissed as moot.