**Order entered January 24, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00069-CV

### IN THE INTEREST OF H.M.L., A CHILD

**On Appeal from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-55477-2017**

## ORDER

By notice of restricted appeal filed January 17, 2019, Father challenges the trial court's September 11, 2018 divorce decree that also terminated his parental rights to H.M.L. Mother has filed an objection to the appeal, asserting the appeal should be dismissed. Mother notes that under Texas Rule of Appellate Procedure 30, which governs restricted appeals, a party may file a restricted appeal when, among other requirements, the party did not timely file a post-judgment motion. *See* TEX. R. APP. P. 30. Mother further notes, and the notice of restricted appeal itself recites, that Father timely filed a motion for new trial.

The requirements of a restricted appeal are jurisdictional and failure to meet any of them bars a party from seeking appellate review under rule 30. *See Lab. Corp. of Am. v. Mid-Town Surgical Ctr., Inc.*, 16 S.W.3d 527, 528 (Tex. App.—Dallas 2000, no pet.) (dismissing for want of jurisdiction restricted appeal where appellant timely filed post-judgment motion).

Accordingly, we **ORDER** Father to file any response to Mother's objection no later than February 15, 2019.

Pending our ruling on Mother's objection, the deadline for filing appellant's brief on the merits is suspended. We will reset the deadline should we determine we have jurisdiction over the appeal. Should we determine we lack jurisdiction, we will dismiss the appeal without further notice. *See* TEX. R. APP. P. 42.3(a); *Mid-Town Surgical Ctr.*, 16 S.W.3d at 528.

We **DIRECT** the Clerk of the Court to include a copy of Mother's objection with this order.

/s/     DAVID J. SCHENCK
PRESIDING JUSTICE