**DISMISS and Opinion Filed July 15, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00666-CV

**RYAN STANCU, Appellant**
**V.**
**SOUTHERN METHODIST UNIVERSITY, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-14134**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Schenck

The trial court dismissed Ryan Stancu's suit against Southern Methodist University ("SMU") with prejudice after sustaining SMU's special exceptions to Stancu's original petition on the applicable statute of limitations. Stancu filed a *pro se* appeal claiming he was entitled to an in-person hearing on SMU's special exceptions and that the trial court erred in dismissing his claims without giving him an opportunity to amend his pleadings. We dismiss this appeal for lack of jurisdiction. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

# BACKGROUND[1]

Stancu attended SMU as an undergraduate. He graduated in 2016. During the graduation ceremony on May 14, 2016, Stancu received a letter in his diploma folder informing him that SMU was withholding his diploma because of an unpaid account.[2] The parties negotiated a payment plan, but ultimately could not agree on its terms. SMU sent the account to a collection agency.

On September 28, 2020, Stancu filed suit against SMU asserting claims for breach of contract, violations of the Texas Deceptive Trade Practices Act, and retaliation.[3] Each of Stancu's claims was based on the damages he alleged he suffered as a result of SMU requiring him to pay the outstanding balance on his student account.

On November 23, 2020, SMU filed special exceptions to Stancu's petition claiming, in part, the petition demonstrates on its face that all of Stancu's claims are time-barred. *See Kendall v. Poos*, No. 05-99-01391-CV, 2001 WL 580136, at *3 (Tex. App.—Dallas May 31, 2001, no pet.) (not designated for publication) (recognizing that when a pleading affirmatively alleges facts demonstrating suit is

---

[1] The background facts set forth in this opinion are gleaned from Stancu's petition, including his admission that he received notice on May 14, 2016, that SMU was withholding his diploma until he paid the balance owed on his student account. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000) (clear, deliberate, and unequivocal assertions of fact in live pleadings are regarded as judicial admissions, barring the party making the assertion from disputing it).

[2] SMU advised Stancu that any potential employer may verify his degree and enrollment dates through the National Student Clearinghouse.

[3] There is no common law claim for retaliation and no statutory claim for retaliation applicable to this case.

time barred, limitations may be raised by special exception); *see also Allied Chemical Corp. v. Koonce*, 548 S.W.2d 80, 82 (Tex. App.—Houston [1st Dist.] 1977, no writ) (trial court did not err in sustaining special exceptions because the petition showed on its face that it was barred by limitations). Consistent with the Texas Supreme Court's Twenty-Ninth Emergency Order Regarding COVID-19 State of Disaster and the Dallas County district courts' emergency standing order in place at the time, both of which allowed courts to require remote hearings, a hearing on SMU's special exceptions was set for January 26, 2021, to be held remotely "at a link/or dial-in to be provided by the court."

On December 18, 2020, Stancu filed an answer to SMU's special exceptions and a request that the trial court hold an in-person hearing. Stancu claimed he did not have the technological/electronic resources for a remote hearing. Stancu did not obtain a ruling on his request to appear in person.

The trial court held a remote hearing on SMU's special exceptions as scheduled, and, on February 2, 2021, signed an order (i) indicating it had considered Stancu's original petition, the special exceptions thereto, and Stancu's response to the special exceptions; (ii) sustaining SMU's special exception on the applicable statutes of limitations; and (iii) dismissing Stancu's claims with prejudice.

On July 13, 2021, the trial court, in error, sent a notice that this case was set for trial on June 14, 2022. SMU's counsel confirmed with the trial court that the case had in fact been dismissed in February 2021. On July 29, 2021, SMU's counsel

–3–

advised Stancu of this fact. On August 3, 2021, Stancu filed his "Appeal to this Court's Wrongful Dismissal of Plaintiff's Original Petition" in the district court. The district court filed that notice with this Court the following day.

**DISCUSSION**

## I. Nature of the Appeal

As a general rule, an appeal may only be taken after a final judgment. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. *Id.* The trial court's order of February 2, 2021, disposed of all pending parties and claims in this case. Thus, it was final for the purposes of appeal.

A notice of appeal must be filed within thirty days of the trial court's ruling, unless the deadline is extended by the timely filing of certain kinds of post-judgment motions. TEX. R. APP. P. 26.2(a). On August 16, 2021, this Court advised the parties that Stancu's appeal was not presented within the deadline for a traditional appeal and thus it would proceed as a restricted appeal.

## II. Requirements of a Restricted Appeal

In order for a restricted appeal to succeed (1) it must be brought within six months after the judgment was signed, (2) by a party to the underlying lawsuit, (3) who did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) the claimed error must be apparent on the face of the

–4–

record.  TEX. R. APP. P. 26.1(c); 30; *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009).  These requirements are jurisdictional and will cut off a party's right to seek relief by way of a restricted appeal if they are not met.  *Lab. Corp. of Am. v. Mid–Town Surgical Ctr., Inc.*, 16 S.W.3d 527, 528–29 (Tex. App.—Dallas 2000, no pet.).

### III.    Application of Law to Facts

#### A. Timeliness of the Notice of Appeal

As an initial matter, we note Stancu filed his notice of appeal six months and one day after the trial court signed the order sustaining SMU's special exceptions. Rule of Appellate Procedure 30, which governs restricted appeals, requires that the notice of appeal be filed within six months after the judgment was signed.  *See* TEX. R. APP. P. 26.1(c).  Rule 26.3 permits an extension of time to file the notice of appeal for fifteen days after the deadline.  *See* TEX. R. APP. P. 26.3.  Thus, Stancu had to file the notice of appeal within six months and fifteen days after August 2, 2021.  *See Lab. Corp.*, 16 S.W.3d at 529.  He filed his notice on August 3, 2021, and explained he filed the notice within five days of being advised by counsel for SMU that his case had been dismissed in February 2021.  *See Cubbage v. Harris Cty. Appraisal Dist.*, No. 14-13-00508-CV, 2013 WL 5306191, at *1 (Tex. App.—Houston [14th Dist.] Sept. 19, 2013, no pet.) (mem. op.) ("A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day grace period

–5–

provided by Rule 26.3 for filing a motion for extension of time.") (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997)); *see also Garcia v. Kastner Farms*, 774 S.W.2d 668, 670 (Tex. 1989); *In re D.M.*, No. 05-21-00185-CV, 2022 WL 1183292, at *2–4 (Tex. App.—Dallas Apr. 21, 2022, no pet.) (Schenck, J., concurring in denial of motion for en banc reconsideration). Accordingly, we will proceed to determine whether Stancu has satisfied the remaining requirements for a restricted appeal.

**B. Party to Underlying Suit**

The record before us establishes Stancu was a party to the underlying suit. Thus, Stancu has satisfied the second requirement for a restricted appeal.

**C. Participation in the Hearing**

The extent of participation in a hearing that will preclude a restricted appeal depends on the nature of the proceeding. *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996). The issue is not whether a party attended the hearing, but whether the party "has participated in 'the decision-making event' that results in judgment adjudicating the appellant's rights." *Id.*; *Bonton v. Wittmer*, No. 14-03-00932-CV, 2004 WL 906492, at *1 (Tex. App.—Houston [14th Dist.] Apr. 29, 2004, pet. denied) (mem. op.).

Stancu did not participate in the January 26, 2021 hearing on SMU's special exceptions. Nevertheless, he submitted an answer to special exceptions, which included his arguments in response to SMU's assertions. Because Stancu availed

himself of his opportunity to respond to the special exceptions and presented his arguments to the court, he participated in the "decision-making event" that resulted in the dismissal of his claims.[4] *Texaco*, 925 S.W.2d at 589 ("[A] party who has taken part in all steps of a summary judgment proceeding except the hearing on the motion has participated in the 'actual trial' that determined the parties rights."); *Bonton*, 2004 WL 906492, at *2 (plaintiff availed herself of opportunity to respond to motion by filing written response asserting her arguments and requesting the hearing be removed from docket). Moreover, the trial court was not required to hold an oral hearing prior to resolving SMU's special exceptions. The emergency orders in place for Dallas County district courts provided that "motions may be determined based upon submission of written pleadings and responses from the parties, without oral argument as shall be determined by each Judge presiding."

We conclude Stancu has failed to establish an oral hearing was required, and the record establishes Stancu participated in the decision-making event. Accordingly, we have no jurisdiction to consider his restricted appeal.[5]

---

[4] In fact, the trial court's order dismissing Stancu's claims indicates that the court considered his response.

[5] Had Stancu satisfied the first three requirements for a restricted appeal, he nevertheless could not demonstrate error on the face of the record because his petition affirmatively demonstrates his claims are time-barred. Stancu admitted that his claims began to accrue, at the latest, on May 14, 2016, when he received notice that SMU would not deliver his diploma until he paid the balance on his account. Stancu filed suit on September 28, 2020, over four years after his claims accrued. Stancu's breach of contract claim was subject to a four-year statute of limitation and his DTPA was subject to a two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(1) (four year statute of limitation for breach of contract claim); TEX. BUS. & COM. CODE ANN. § 17.565 (DTPA claims subject to two-year statute of limitations and discovery rule). If Stancu asserted a cognizable retaliation claim it would have been subject to the residual four-year statute of limitations. *See* CIV. PRAC. & REM. § 16.051 ("Every action for

## CONCLUSION

We dismiss Stancu's restricted appeal for lack of jurisdiction.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210666F.P05

---

which here is no express limitations period . . . must be brought not later than four years after the cay the cause of action accrues."). Accordingly, on the face of the record before us, Stancu's claims are time-barred and were properly dismissed. If we had jurisdiction to reach Stancu's assertion the trial court erred in not allowing him the opportunity to amend his pleading after it granted SMU's special exceptions, we would conclude it was unnecessary to give Stancu time to amend his pleadings because no amendment would cure his time-barred claims. *See Baylor University v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) ("Generally, when the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleading, unless the pleading defect is of a type that amendment cannot cure.")



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RYAN STANCU, Appellant

No. 05-21-00666-CV     V.

SOUTHERN METHODIST
UNIVERSITY, Appellee

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-14134.
Opinion delivered by Justice
Schenck. Justices Osborne and Smith
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee SOUTHERN METHODIST UNIVERSITY recover its costs of this appeal from appellant RYAN STANCU.

Judgment entered this 15th day of July 2022.