**Opinion issued May 16, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

—————————————

**NO. 01-23-00775-CV**

—————————————

**ROBERT W. HOWARD, Appellant**

**V.**

**WALTER GOFF, Appellee**

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-34066**

## MEMORANDUM OPINION

Appellant Robert W. Howard, proceeding pro se, filed a notice of appeal on October 18, 2023, seeking to challenge the trial court's order signed on August 31, 2023. We dismiss the appeal for lack of jurisdiction.

The trial court signed its final judgment on June 21, 2023. On August 31, 2023, the trial court signed an order granting in part Appellee Walter Goff's Motion to Modify Judgment and modifying the post-judgment interest rate from six to eighteen percent. It is undisputed that Appellee's Motion to Modify Judgment extended the appellate timetable for filing a notice of appeal because the motion sought substantive changes in the final judgment. *See* TEX. R. CIV. P. 329b(h).

Appellant filed his notice of appeal on October 18, 2023. A notice of appeal generally is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the challenged judgment is signed if, within thirty days after the judgment is signed, any party files a motion for new trial, a motion to modify the judgment, a motion to reinstate or, under certain circumstances, a request for findings of fact and conclusions of law. *Id.*; TEX. R. CIV. P. 329b(a), (g). "If a judgment is modified, corrected or reformed in any respect, the time for appeal shall run from the time the modified, corrected, or reformed judgment is signed . . . ." TEX. R. CIV. P. 329b(h).

The time to file a notice of appeal may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed under Rule 26.1, but within the fifteen-day extension

period provided under Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

On March 15, 2024, Appellant filed a Motion for Extension of Time to file his appellate brief. Appellee filed a Response in Opposition to Appellant's motion, asserting that Appellant's motion should be denied as moot because he "failed to timely perfect his appeal." Appellee noted that Appellant's deadline to file his notice of appeal was either "September 19, 2023 ([ninety] days after the [j]udgment was signed on June 21, 2023)" or "October 2, 2023" ("[thirty] days from the date of the modified judgment, . . . August 31, 2023"), and that by filing his notice of appeal on October 18, 2023, "[Appellant] failed to timely notice the appeal under any purported deadline."

Appellant replied, arguing that he "timely perfect his appeal" because his "notice of appeal was due within [ninety] days after the modified judgment was signed [on August 31, 2023] . . . ." Contrary to Appellant's contention, his notice of appeal was due thirty days, not ninety days, from the date the modified judgment was signed. TEX. R. CIV. P. 329b(h). And because Appellant did not file his notice of appeal until October 18, 2023, sixteen days after the October 2, 2023 deadline, Appellant's notice of appeal is one day past the discretionary fifteen-day extension period to file a notice of appeal. *See* TEX. R. APP. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d at 617. Without a timely notice of appeal, this Court lacks jurisdiction over

3

the appeal.  *See* TEX. R. APP. P. 26.1; *Lab. Corp. of Am. v. Mid-Town Surgical Ctr., Inc.*, 16 S.W.3d 527, 529 (Tex. App.—Dallas 2000, no pet.) ("A timely notice of appeal is a requirement for this Court's jurisdiction.").

We dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a), 43.2(f).  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.