**Opinion issued November 13, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00790-CV

_____

**FERNANDO YATES, Appellant**

**V.**

**HOUSTON INDEPENDENT SCHOOL DISTRICT, Appellee**

On Appeal from County Court at Law No. 2
Harris County, Texas
Trial Court Case No. 1216651

## MEMORANDUM OPINION

Appellant Fernando Yates is appealing the trial court's orders granting Appellee Houston Independent School District's application for writ of certiorari, plea to the jurisdiction, and motion for attorneys' fees. We affirm the trial court's judgment.

## Background

Appellant Fernando Yates was hired by Appellee Houston Independent School District as a high school math teacher during the 2019-2020 school year. In December 2019, Yates filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming the District had discriminated against him on the basis of his national origin, violated the Americans with Disabilities Act of 1990, and retaliated against him because he opposed these unlawful acts. After successfully mediating the matter before the EEOC, Yates and the District signed a settlement agreement pursuant to which the District agreed to pay Yates "a lump sum equal to four months' salary (the remainder of his salary for the 2019-2020 school year, plus two additional months of salary) at his current rate of pay, less any appropriate deductions." In exchange, Yates agreed to resign from his employment with the District effective April 10, 2020, and to release the District from all claims. Yates signed the settlement agreement on March 27, 2020.

After the District's Board of Trustees voted to approve the settlement agreement on April 9, 2020 and the District's representatives signed the settlement agreement, Yates emailed the District's General Counsel, Catosha Woods, inquiring about the timing of his settlement payment and arguing that the payment had to be calculated based on the annual salary for teachers with thirty-seven years of experience because he had submitted service records to the District from prior

teaching jobs establishing that he had thirty-seven years of teaching experience.[1]

Woods informed Yates that any service records he had submitted to the District prior to April 9, 2020 would be honored and that the settlement payment would be calculated commensurate with the records the District received prior to that date.

On April 29, 2020, Yates received the settlement check from the District and deposited the $28,360.44.00 check into his bank account.  The next day, Yates emailed Woods informing her that the check was "short," because the payment was based on the $72,109 annual salary for teachers with thirty years of experience and he had thirty-seven years of teaching experience, meaning his annual salary should be $80,309.

*Application for Writ of Certiorari*

On July 8, 2021, Yates filed a handwritten small claims petition against the District in the Harris County Justice Court, Precinct 1, Place 1.  Under the "Cause of Action" section of his petition, Yates wrote, "Please see Attachment!"  The attachment states in its entirety:

---

[1]    The District attached to its plea to the jurisdiction an affidavit from Lisa McManus, the District's Compensation Coordinator 2, in which McManus states that during the 2019-2020 school year, the District "determined a teacher's salary based on the teacher's 'creditable' years of prior teaching service, which were determined by, among other things, the teacher's official service records from the educational institutions where the teacher previously worked."  According to McManus, teachers could submit a "Report of Teaching Experience" form or submit original copies of service records from previous institutions that include the required information.

My name is Fernando Yates. I am a former employee of the HISD. I was a math teacher from the 2019-2020 school year. I filed a discrimination EEOC lawsuit against HISD. They agreed to mediate before the EEOC and avoid further litigation. I have thirty seven years of experience. The HISD paid me for only twenty nine years of experience. I have been asking them to pay me according to my years of experience, but they refused to pay me several times.

Yates requested $10,000 in damages. On August 24, 2023, the Justice Court issued a post-answer default judgment against the District after the District failed to appear for trial.

On November 21, 2023, the District filed an application for writ of certiorari with the Harris County Civil Court at Law No. 2 arguing (1) the court lacked subject matter jurisdiction because Yates had not identified any specific claims for which the District's immunity had been waived, and (2) the District's failure to appear for trial was not due to inexcusable neglect. On this last point, the District argued the trial notice had been mailed to a District attorney who no longer worked for the District, and no one in the District's legal services department received the trial setting notice or was aware of the trial setting. According to the District, it did not learn of the trial setting until October 23, 2023, when the District first received a letter from Harris County, Precinct 1, stating that a writ of execution had been issued against the District in connection with the Yates' lawsuit. The District attached an affidavit from Woods attesting to these facts in support of its application.

4

Yates filed a response in which he argued that Woods' statement that "no one in HISD's Legal Services office received the trial setting notice" was false because the notice was addressed to the District. He further argued that Woods' statement that the District had first learned of the Justice Court's default judgment on October 23, 2023 was also false because Yates had emailed the District's superintendent on August 30, 2023 referencing the default judgment and demanding payment of $10,000. The County Court granted the District's application.

### *Plea to the Jurisdiction*

Subsequently, the District filed a plea to the jurisdiction in which it argued that Yates had not identified any law or statute allegedly violated by the District that would waive its governmental immunity. In the alternative, it argued Yates had not plead jurisdictional facts showing he could meet any element of relief under any applicable law or statute.[2] The County Court granted the District's plea to the jurisdiction and dismissed Yates' claims against the District. This appeal ensued.

After Yates filed his notice of appeal, the District moved for attorneys' fees in County Court pursuant to Section 11.161 of the Texas Education Code and

---

[2] Governmental units, including school districts, are immune from suit unless the state consents. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). Immunity from suit may be asserted through a plea to the jurisdiction or other procedural vehicle such as a motion for summary judgment, and the plea may challenge the sufficiency of the pleadings, the existence of jurisdictional facts, or both. *See id.*

Chapter 10 of the Texas Civil Practice and Remedies Code.[3]  The trial court granted

the motion and awarded the District $20,869.35 in attorneys' fees.[4]

**Discussion**

Citing to Texas Rule of Appellate Procedure 38.1, the District argues that

Yates' appellate issues are waived due to inadequate briefing.  The District argues

that Yates' brief fails to cite to any relevant legal authorities or the appellate record

and he "relies on his Table of Contents to provide the Court with his entire legal

analysis."  In his reply brief, Yates argues that he "perfected his appeal under the

Texas Rules of Appellant Procedure," his "appeal supports his contentions," and the

District "continue[s] reciting cases not related to the truth of this case."

**A.      Standard of Review**

The Texas Rules of Appellate Procedure require an appellant's brief to

contain, among other things, "a clear and concise argument for the contentions made,

with appropriate citations to authorities and to the record."  TEX. R. APP. P. 38.1(i).

When an appellate issue is unsupported by argument or lacks citation to the record

---

[3]     *See* TEX. EDUC. CODE § 11.161(a) (authorizing recovery of attorneys' fees in civil suit brought under state law against independent school district if court finds suit "frivolous, unreasonable, and without foundation" and the suit is "dismissed or judgment is for the defendant"); TEX. CIV. PRAC. & REM. CODE §§ 10.001, 10.003(c), and 10.004(a), (c)(3) (authorizing award of attorneys' fees as sanctions against party for filing frivolous pleadings and motions).

[4]     The trial court granted the District's motion for attorneys' fees on July 31, 2024, and Yates filed his opening appellate brief on August 5, 2024.

or legal authority, nothing is presented for review. *See Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015) ("Failure to provide citations or argument and analysis as to an appellate issue may waive it."); *Walker v. Eubanks*, 667 S.W.3d 402, 408 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (holding issue waived for review because appellant's brief lacked "substantive argument, record references, or relevant citation to legal authority" with respect to that issue). Appellate courts are not responsible "for identifying possible trial court error, searching the record for facts favorable to [the appellant's] position, or conducting legal research to support [the appellant's] contentions." *Walker*, 667 S.W.3d at 407. Were they to do so, courts would be abandoning their role as neutral adjudicators and taking on the role of advocate for the appellant. *Id.* at 408 (citing *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)); *see also Canton-Carter v. Baylor Coll. of Medicine*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("It would be inappropriate for this court to speculate as to what appellant may have intended to raise as an error by the trial court on appeal. To do so would force this court to stray from our role as a neutral adjudicator and become an advocate for appellant.").

Appellate courts liberally construe a pro se litigant's brief to reach his appellate issues on the merits when possible. *See Harrison v. Reiner*, 607 S.W.3d 450, 457 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). Nevertheless, pro se

7

litigants are held to the same standards as licensed attorneys and must comply with applicable rules of procedure. *Id.*; *Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 36 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("To apply a different set of rules to pro se litigants would be to give them an unfair advantage over litigants represented by counsel.").

Appellate courts, however, "should hesitate to resolve cases based on procedural defects and instead endeavor to resolve cases on the merits." *Bertucci v. Watkins*, 709 S.W.3d 534, 541–42 (Tex. 2025) (quoting *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020); *Dudley Constr., Ltd. v. Act Pipe & Supply, Inc.*, 545 S.W.3d 532, 538 (Tex. 2018) ("Whenever possible, we reject form-over-substance requirements that favor procedural machinations over reaching the merits of a case.").

## B.   Yates' Appellate Briefing

The "Argument" section of Yates' opening brief contains one sentence referring to the "Argument" section of the table of contents:

> ARGUMENT
>
> Please refer to the table of contents under ARGUMENT

The Table of Contents states in its entirety:

a. The trial Court relied on "perjured sworn testimony" in granting the writ of Certiorari, and improperly evaluated evidence under the traditional writ of Certiorari standard.

b. The trial Court erred by ignoring relevant evidence of the Plaintiff, this error changed the ultimate outcome of the case, and the case require that the case be reversed or remanded.

c. The trial Court improperly granted the writ of Certiorari, the evidence clearly shows that the Court relied on perjured sworn evidence.

And in the "Opening Statement" portion of his opening brief, Yates states:

> An attorney cannot win a case based on perjured sworn evidence. On Page 3, lines 19, 20, 21 and page 4 lines 1, 2. Defendant's attorney stated: Ms. Sloan had resigned from HISD when the Justice Court issued the notice and no one in HISD's Legal Services received the trial notice. As a result, no one in HISD's Legal Services office was aware of the August 24. 2023 trial setting and no one from HISD's Legal Services office attended the trial. (EXHIBIT 1)
>
> PLAINTIFF STATEMENT: Nothing could be further from the truth. The Notice of Trial Setting was sent to the Houston Independent School District 4400 West 18th St. Houston TX 77092 also. The Notice of Trial Setting from the Justice Court Harris County, Precinct 1, Place 1 clearly prove it. (Exhibit A) Exhibit 1, 2

The "Statement of Facts" and "Statement of the Case" portions of Yates' brief state that Yates began working for the District as a math teacher in 2019 and he "provided the proper documentation of his previous experience since the beginning of the school year 2019-2020." According to Yates, he "submitted [proof] of at least thirty-seven years of experience, and [the District] only paid him for twenty each years of experience, in retaliation for [Yates] filing an EEOC complaint against [the District]," and he filed a small claims lawsuit against the District in the justice court

9

that resulted in a post-answer default judgment against the District. In his conclusion and prayer, Yates "prays for this Court to reverse the trial Court granting [the District's] petition for writ of Certiorari and let the post answer default judgement by the Justice Court stand."

The brief does not contain any relevant legal authority or citations to the appellate record. Although the table of authorities lists four state court opinions from California, none of these opinions involve pleas to the jurisdiction or applications for writs of certiorari and they are not cited to elsewhere in the brief.[5] Instead of citing to the appellate record, Yates cites to the three "exhibits" attached to his brief: (1) a copy of the District's application for writ of certiorari that includes handwritten notes identifying the portions of the application Yates argues are false, (2) a notice of trial setting addressed to the District with handwritten notes stating, "This is proof HISD received the notice of trial setting," and (3) the notice of default judgment sent to the District.

---

[5] *See Gallin v. Poulou*, 140 Cal. App. 2d 638, 639–40, 295 P.2d 958, 958–59 (1956) (suit by tenant against landlord for trespass); *Miller v. Nat'l Broad. Co.* 187 Cal. App. 3d 1463, 232 Cal. Rptr. 668 (Ct. App. 1986) (appeal from grant of summary judgment on claims of trespass, invasion of privacy, and infliction of emotional distress); *Williams v. Gen. Elec. Credit Corp.*, 159 Cal. App. 2d 527, 528, 323 P.2d 1046, 1047 (1958) (appeal from judgment rendered after jury trial in action for trespass); *Williams v. Wraxall*, 33 Cal. App. 4th 120, 129, 39 Cal. Rptr. 2d 658 (1995) (appeal from summary adjudication of claims for fraud and deceit, suppression of information, malpractice, and conspiracy).

10

In his reply brief, Yates clarifies that the "perjured" statement he referred to in his opening brief is Woods' statement in her affidavit that no one in the District's legal services department received the Justice Court's trial setting notice or was aware of the August 24, 2023 trial setting and the evidence the trial court failed to consider is the notice of trial setting sent to the District that he attached to his appellate brief as Exhibit 2.[6] He also responds to the District's appellate arguments regarding the plea to the jurisdiction and argues for the first time that the trial court erred by awarding the District its attorneys' fees. Yates attached two new exhibits to his reply brief for which he did not provide record cites. He provides a record cite for the District's plea to the jurisdiction, which the District had attached to its motion for attorneys' fees. ("Supplemental Court Record, Exhibit 1"). There are multiple citations to the appellate briefing and other "exhibits" (e.g., "Brief of Appellant Exhibit 4").

Despite the significant deficiencies in Yates' appellate briefs, to the extent possible and without abandoning our role as a neutral adjudicator and becoming Yates' legal advocate, we address the merits of Yates' challenge to the trial court's orders granting the District's application for writ of certiorari and plea to the jurisdiction and awarding attorneys' fees. *See Salazar v. Sanders*, 440 S.W.3d 863,

---

[6] Exhibit 2 was not attached to Yates' response to the District's plea to the jurisdiction.

872 (Tex. App.—El Paso 2013, pet. denied) ("Appellate courts are required to construe briefs reasonably, yet liberally, so that the right to appellate review is not lost by waiver, and in so doing, we should reach the merits of an appeal whenever reasonably possible. At the same time, an appellate court should not make the appellant's argument for him because the court would be abandoning its role as a neutral adjudicator and would become an advocate for the appellant.") (internal citation omitted).

## Application for Writ of Certiorari

Liberally construing Yates' briefing, we understand Yates to argue that the trial court erred by granting the District's application for writ of certiorari based on the evidence submitted by the District because Woods committed "perjury" when she claimed in her affidavit that no one in the District's legal services department received notice of the trial setting. Yates also argues the trial court erred by "ignoring" the notice of trial setting addressed to the District, which according to Yates, "clearly shows that [the District] was notified by the Justice Court for the August 24, 2023, Notice of Trial Setting."

Texas Rule of Civil Procedure 506.4 authorizes a party to "apply to the county court for a writ of certiorari" after the entry of a final judgment in a case tried in justice court when "the justice court [lacked] jurisdiction" or "the final determination of the suit worked an injustice to the applicant that was not caused by the applicant's

12

own inexcusable neglect." TEX. R. CIV. P. 506.4(a), (b). When reviewing an order disposing of an application for a writ of certiorari, "we take the facts alleged in the application as true and, on this basis, make a de novo determination of the adequacy of the stated grounds." *See Centro Jurici de Instituto Tecnologico y Estudios Superiores de Monterrey v. Intertravel, Inc.*, 2 S.W.3d 446, 450 (Tex. App.—San Antonio 1999, no pet.) (citing *Am. Bankers' Ins. Co. v. Flowers*, 64 S.W.2d 806, 807 (Tex. Civ. App.—Beaumont 1933, no writ).

The District argued that it was entitled to a writ of certiorari because (1) the justice court lacked subject matter jurisdiction in that Yates failed to identify any specific claims for which the District's immunity had been waived and (2) the District's failure to appear for trial was not due to inexcusable neglect because no one in the District's legal department received notice or was aware of the August 14, 2023 trial setting. *See* TEX. R. CIV. P. 506.4(a), (b). The District's general counsel, Catosha Woods, stated in her affidavit submitted in support of the application that the attorney who filed the District's answer in the Justice Court "had resigned from [the District] when the Justice Court issued the notice and no one in [the District's] Legal Services office received the trial setting notice. As a result, no one in [the District's] Legal Services office was aware of the August 24, 2023, trial setting, and no one from [the District's] Legal Services office attended the trial." Taking Woods' sworn statements as true, as we must, we conclude the District submitted sufficient

evidence establishing that entry of the challenged default judgment "worked an injustice to [the District] that was not caused by the [District's] own inexcusable neglect." TEX. R. CIV. P. 506.4(b)(2); *Flowers*, 64 S.W.2d at 807 ("The allegation in the application of plaintiff in error for the writ of certiorari to the effect that it was never cited and never appeared in the case in the justice court, taken alone, was a showing of sufficient cause for the writ, since no court has jurisdiction to enter judgment against a party not before it.").

Although Yates argues that the County Court erred because the August 24, 2023 trial notice addressed to the District contradicts Woods' statement that no one in the District's legal department had notice of the trial setting, the notice was not attached to Yates' response to the application for writ of certiorari. And there is no indication that the notice was before the County Court when the court granted the District's application.

We thus overrule Yates' challenge to the trial court's order granting the District's application for writ of certiorari.

**Plea to the Jurisdiction**

In his reply brief, Yates argues for the first time that the trial court erred in granting the District's plea to the jurisdiction. "An issue raised for the first time in a reply brief is ordinarily waived and need not be considered by this Court." *McAlester Fuel Co. v. Smith Int'l, Inc.*, 257 S.W.3d 732, 737 (Tex. App.—Houston

14

[1st Dist.] 2007, pet. denied); *Bich Ngoc Nguyen v. Allstate Ins. Co.*, 404 S.W.3d 770, 781 (Tex. App.—Dallas 2013, pet. denied) ("[A]n appellant may not include in a reply brief a new issue in response to some matter pointed out in the appellee's brief but not raised in the appellant's opening brief.") (citations omitted).

Even if Yates had raised the issue in this opening brief and even if we could get past the significant briefing deficiencies in his appellate brief, he would not prevail. Governmental units, including school districts, are immune from suit unless the state consents. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). Immunity from suit may be asserted through a plea to the jurisdiction and "may challenge the pleadings, the existence of jurisdictional facts, or both." *See id.* When the jurisdictional plea challenges the pleadings, we must determine if the pleader has alleged facts affirmatively demonstrating subject-matter jurisdiction. *Id.*; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In doing so, we construe the pleadings liberally, taking them as true, and we consider the plaintiff's intent. *Id.* Only if the pleadings affirmatively negate jurisdiction should the plea to the jurisdiction be granted without affording the plaintiff an opportunity to replead. *Id.* at 226–27. We review rulings on jurisdictional pleas de novo. *Clark*, 544 S.W.3d at 805; *Miranda*, 133 S.W.3d at 228.

The District argues the trial court did not err in granting its plea to the jurisdiction because Yates failed to identify any waiver of the District's governmental immunity or plead jurisdictional facts establishing he could meet any element of relief under any applicable law or statute. In neither his response to the District's plea to the jurisdiction nor his appellate briefing does Yates identify any authority or legal grounds he contends waive the District's immunity from suit, much less argue that he pled facts sufficient to establish the District waived its immunity. Yates, who does not meaningfully address the District's immunity from suit in his appellate briefing, does not appear to dispute that he did not plead a basis demonstrating a waiver of immunity.[7]

We thus overrule Yates' challenge to the court's order granting the District's plea to the jurisdiction.

## Attorneys' Fees

In his reply brief, Yates argues for the first time that the trial court erred in awarding the District its attorneys' fees. According to Yates, "It would be an injustice to ask Yates to pay attorney fees, when the attorney used perjured evidence

---

[7] Yates did not ask the trial court to allow him an opportunity to amend his pleadings to cure any defects, nor does he argue on appeal that the trial court erred by not allowing him an opportunity to amend his pleadings. *See* TEX. R. APP. P. 33.1(a); *Gray v. City of Galveston*, No. 14–03–00298–CV, 2003 WL 22908145, at \*2 (Tex. App.–Houston [14th Dist.] Dec. 11, 2003, no pet.) (mem. op.) ("[A]ppellant did not request an opportunity to amend in the trial court, so she has waived any complaint that she has been denied this opportunity.").

16

and the trial Court erred by ignoring relevant evidence. That order will prejudice Yates, and his family."

An issue raised for the first time in a reply brief is ordinarily waived. *See McAlester Fuel Co.*, 257 S.W.3d at 737. In addition, Yates does not identify the legal basis on which his challenge for the award of attorneys' fees is based.[8] While he argues there was "perjured" and "ignored" evidence, those references concern the affidavit from Woods and the notice of trial setting relevant to the trial court's ruling on the District's application for writ of certiorari. Yates does not identify any evidence offered in support of the District's motion for attorneys' fees which he challenges on appeal. He also fails to cite to any legal authority or provide a substantive analysis of the legal issues raised by his challenge to the award of fees. *See Walker*, 667 S.W.3d at 408 (holding issue waived for review because appellant's brief lacked "substantive argument, record references, or relevant citation to legal authority" with respect to that issue); *see also Velasquez v. Waste Connections, Inc.*, 169 S.W.3d 432, 436 (Tex. App.—El Paso 2005, no pet.) ("Because Velasquez's

---

[8] It appears from the record that the District moved for attorneys' fees pursuant to Section 11.161 of the Texas Education Code and Chapter 10 of the Texas Civil Practice and Remedies Code. *See* TEX. EDUC. CODE § 11.161(a) (authorizing recovery of attorneys' fees in "civil suit . . . brought under state law . . . against an independent school district . . . if: (1) the court . . . finds that the suit . . . is frivolous, unreasonable, and without foundation; and (2) the suit . . . is dismissed or judgment is for the defendant"); TEX. CIV. PRAC. & REM. CODE § 10.001(2),10.002(a) (authorizing award of attorneys' fees as sanctions against party for filing frivolous pleadings and motions).

argument does not contain a single reference to a relevant case or legal principle, the issues are not adequately briefed and are considered waived.") (citing TEX. R. APP. P. 38.1(i)).  Given these substantial briefing deficiencies, it is not possible for the court to address the merits of Yates' argument without making argument on his behalf and abandoning our role as a neutral adjudicator.  Indeed, the grounds upon which the District moved for its attorneys' fees and the bases on which Yates appeals are impossible to discern from Yates' reply brief alone.[9] *Compare Oramas v. Univ. of Tex. Med. Branch at Galveston*, No. 01-24-00399-CV, 2025 WL 2446013, at *2 (Tex. App.—Houston [1st Dist.] Aug. 26, 2025, pet. filed) (mem. op.) (declining to find briefing waiver when pro se appellant "laid out her position clearly, and she has done so in a way that allows us to reach the legal arguments with no serious difficulty").

We conclude that Yates waived this issue due to inadequate briefing.  *See Walker*, 667 S.W.3d at 408; *Velasquez*, 169 S.W.3d at 436.

We overrule Yates' challenge to the award of attorneys' fees.

## Conclusion

We affirm the trial court's judgment.

Veronica Rivas-Molloy
Justice

18

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.